221 P.3d 41

In the Matter of Jovi BUENCAMINO, Petitioner–Appellant,

v.

Floricel NOFTSINGER, Respondent–Appellee.

No. 1 CA–CV 08–0374.

Court of Appeals of Arizona, Division 1, Department A.

Nov. 27, 2009.

Cantor & Simon, P.L.C. By Stanley D. Murray, Tempe, Attorney for Petitioner–Appellant.

Gillespie Shields & Associates, P.C. By Mark A. Shields, And DeeAn Gillespie, Mesa, Attorneys for Respondent–Appellee.

## OPINION

GEMMILL, Judge.

¶ 1 Jovi Buencamino ("Father") appeals the family court's order awarding him joint custody rather than sole custody of his daughter, C.P., after Floricel Noftsinger ("Mother") had moved to Maryland. In this opinion, we explain that the relocation provisions of Arizona Revised Statutes ("A.R.S.") section 25–408 (2007) are not applicable under these facts. In a separate memorandum decision, we explain that the family court's findings under A.R.S. §§ 25–403 (2007) and – 403.01 (2007) in support of joint custody were sufficient.[1] For these reasons, we affirm the order.

## FACTS AND PROCEDURAL HISTORY

¶ 2 C.P. was born to Mother and Father in Arizona in 2004. Mother and Father were not married. C.P. lived, at times, with both parents and, at times, with each parent separately.

¶ 3 During Fall 2006, while C.P. was living with Father, Mother informed Father that she was moving to Maryland to marry John Noftsinger and she wanted to take C.P. with her. Father did not agree, and Mother left for Maryland without C.P. and without any written agreement with Father concerning child custody or parenting time.

¶ 4 Father filed this paternity action in December 2006 and sought sole custody of C.P. Mother was served in Maryland in February 2007. After she failed to file a timely response, Father applied for default. When Mother later failed to appear at the Resolution Management Conference on temporary orders, the family court noted the default and entered a temporary order granting Father sole custody of C.P. Potential parenting time for Mother was not addressed. Shortly thereafter, Mother responded to the petition and filed a cross-petition for sole custody.

¶ 5 The trial occurred in January 2008. The family court entered a signed order that provided for joint custody and equal parenting time. Father filed an unsuccessful motion for new trial, and now appeals both the order and the denial of his motion for new trial. We have jurisdiction pursuant to A.R.S. § 12–2101(B), (C), and (F)(1) (2003).

## APPLICABILITY OF THE RELOCATION PROVISIONS OF A.R.S. § 25–408

██ ¶ 6 The family court judge, in denying the motion for new trial, explained that she had considered the factors set forth in A.R.S. §§ 25–403(A) and –403.01(B). The court did not, however, specifically address the relocation factors set forth in A.R.S. § 25–408(I).[2] Father contends that the family court erred in this regard because this is a "relocation" case: Mother wants to relocate the child to Maryland while Father wants to keep her in Arizona.

---

1. Only our resolution of the applicability of the relocation provisions of A.R.S. § 25–408 warrants publication. See ARCAP 28(g); Ariz. R. Sup.Ct. 111(h).

2. The portions of § 25–408 that pertain to relocation are subsections B through I.

¶ 7 Whether the relocation provisions of § 25–408 are applicable is an issue of statutory interpretation that we review de novo. *See New Sun Bus. Park, LLC v. Yuma County*, 221 Ariz. 43, 45, ¶ 4, 209 P.3d 179, 181 (App.2009); *City of Phoenix v. Harnish*, 214 Ariz. 158, 161, ¶ 6, 150 P.3d 245, 248 (App.2006). The primary goal in interpreting a statute is to determine and give effect to the intent of the legislature. *DeVries v. State*, 221 Ariz. 201, 204, ¶ 6, 211 P.3d 1185, 1188 (App.2009). We first look to the plain language of the statute as the most reliable indicator of its meaning. *New Sun*, 221 Ariz. at 46, ¶ 12, 209 P.3d at 182; *Nordstrom, Inc. v. Maricopa County*, 207 Ariz. 553, 556, ¶ 10, 88 P.3d 1165, 1168 (App.2004). If the statutory language is clear and unambiguous, there is usually no occasion for resorting to the rules of statutory interpretation. *Prince & Princess Enters., LLC v. State ex rel. Ariz. Dep't of Health Servs.*, 221 Ariz. 5, 6, ¶ 5, 209 P.3d 141, 142 (App.2008).

¶ 8 The statutory prerequisites for application of these statutory relocation provisions are set forth in subsection 25–408(B):

> If by written agreement or court order both parents are entitled to custody or parenting time and both parents reside in the state, at least sixty days' advance written notice shall be provided to the other parent before a parent may do either of the following:
>
> 1. Relocate the child outside the state.
> 2. Relocate the child more than one hundred miles within the state.

(Emphasis added.) This statutory language establishes these prerequisites: (1) a written agreement or court order providing for custody or parenting time by both parents, and (2) both parents residing in Arizona.

¶ 9 Neither prerequisite existed at the time the court ruled. First, Mother and Father did not have a written agreement regarding custody or parenting time; and although there was a temporary order regarding custody, it did not grant either custody or parenting time to Mother. Second, Mother was already residing in Maryland

when this action was initiated. Only Father resides in Arizona.

¶ 10 Based on the plain language of A.R.S. § 25–408(B), the statutory prerequisites for application of the § 25–408 relocation provisions did not exist in this case. Accordingly, the family court was not required to consider or make specific findings regarding the factors prescribed under § 25–408(I).[3]

## CONCLUSION

¶ 11 For the reasons explained in this opinion and in the accompanying memorandum decision, we affirm the family court's custody order.

¶ 12 Mother has requested an award of attorneys' fees on appeal pursuant to A.R.S. § 25–324 (Supp.2008). In accordance with § 25–324, we have considered both the comparative financial resources of the parties and the reasonableness of the positions taken by each of them. In our discretion, based on the parties' comparative financial resources, we will award an amount of reasonable attorneys' fees to Mother, upon her compliance with Arizona Rule of Civil Appellate Procedure 21(c). Mother is also entitled to an award of taxable costs.

CONCURRING: SHELDON H. WEISBERG, Presiding Judge and PATRICIA A. OROZCO, Judge.

---

3. Even when the § 25–408 relocation provisions are not required to be considered, family court judges may, of course, choose in their discretion to consider some or all of the factors listed in § 25–408(I) in appropriate cases.