NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

STACEY PESETSKY, *Petitioner/Appellant,*

*v.*

CHRISTOPHER PESETSKY, *Respondent/Appellee.*

No. 1 CA-CV 13-0491
FILED 11-20-14

Appeal from the Superior Court in Maricopa County
No. FC2010-090733
The Honorable Bethany G. Hicks, Judge

**AFFIRMED**

COUNSEL

Abram & Meell, PA, Phoenix
By Gregory J. Meell
*Counsel for Petitioner/Appellant*

Christopher Pesetsky, Watonga, OK
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Samuel A. Thumma joined.

---

**GOULD**, Judge:

¶1 Stacey Pesetsky ("Mother") appeals from the decree of dissolution awarding sole legal decision-making authority of the parties' three children to Christopher Pesetsky ("Father"). For the following reasons, we affirm.

## BACKGROUND

¶2 Mother filed a petition for dissolution in February 2010 in which she sought sole legal decision-making authority with reasonable parenting time for Father. This petition was dismissed without prejudice for lack of prosecution in September 2010, but was later reinstated in December 2011. Mother then filed a consent decree purporting to award her sole legal decision-making authority and giving Father no parenting time. The family court signed the consent decree because the signature page of the decree included Father's signature. However, in April 2012, Father filed a notice alleging that Mother had fraudulently altered the consent decree before filing it. After a hearing, the court set aside the decree on the grounds Mother had fraudulently altered the consent decree.

¶3 The court then scheduled an evidentiary hearing to address "custody, parenting time, and child support." Mother was ordered to bring the children to conciliation services for an interview prior to the hearing. The interview was rescheduled two times, at Mother's request; when it was rescheduled a third time, Mother failed to show up for the appointment.

¶4 The court learned at the hearing that Mother had not complied with its order to have the children interviewed. The court denied Mother's request to reschedule the interview, and the hearing went forward without an interview of the children.

¶5        At the hearing, Father informed the court that Mother had an outstanding arrest warrant.  The court called the sheriff, and, at the conclusion of the hearing, Mother was arrested and taken into custody.  The court awarded Father temporary emergency sole legal decision-making authority because Mother was in custody.  Father was permitted to take the children to Oklahoma, where he resided.

¶6        The family court then issued a final decree listing its findings showing it was in the best interests of the children to award Father sole legal decision-making authority, allowing unsupervised parenting time to Mother one weekend a month in Oklahoma, half of all holidays, and two weeks every summer.  Mother filed a timely notice of appeal.

## DISCUSSION

¶7        Mother appeals the family court's legal decision-making and parenting time orders.  Father failed to file an appellate brief, which may be treated as a confession of error.  However, this court will exercise its discretion to address the merits because the best interests of the children are involved.  *In re Marriage of Diezsi*, 201 Ariz. 524, 525, ¶ 2, 38 P.3d 1189, 1190 (App. 2002); *see generally* ARCAP 15(c).  "We will not disturb a trial court's decision on child custody absent a clear abuse of discretion." *Diezsi*, 201 Ariz. at 525, ¶ 3, 38 P.3d at 1190.

## I.        Notice Issues

¶8        Mother argues the award of sole legal decision-making authority to Father was error because the pretrial order did not state that relocation would be an issue at the hearing.  However, the pretrial order stated that the hearing would address "custody and parenting time." Thus, Mother had adequate notice that the court may consider awarding legal decision-making to Father, who at that time lived in Oklahoma.

¶9        Mother contends she was not prepared to address relocation because Father did not request sole legal decision-making until the hearing.  Although Father did not specifically ask for sole legal decision-making, his "notice" filing asked to have the consent decree invalidated, thereby placing legal decision-making, parenting time, and child support at issue again, as noted in the pretrial order.  Furthermore, at the hearing, when Father asked to have the children live with him in Oklahoma, Mother did not object on the grounds that his request was untimely. Thus, we find Mother had adequate notice that legal decision-making would be an issue at the hearing and that a long distance arrangement may result because Father lived in Oklahoma.

**II.        A.R.S. § 25-408 Relocation Factors**

**¶10**        Mother argues the court abused its discretion by failing to consider the specific statutory factors applicable in a relocation case. *See* A.R.S. § 25-408(H). "Whether the relocation provisions of § 25-408 are applicable is an issue of statutory interpretation that we review de novo." *Buencamino v. Noftsinger,* 223 Ariz. 162, 164, ¶ 7, 221 P.3d 41, 43 (App. 2009).

**¶11**        Section 25-408 applies when both parents are entitled to joint legal decision-making or unsupervised parenting time pursuant to a written agreement or court order *and* both parents reside in Arizona. *See* A.R.S. § 25-408(A); *Buencamino*, 223 Ariz. at 164, ¶ 8, 221 P.3d at 43. At no time prior to the entry of the family court's decree were both parents entitled to joint legal decision-making or unsupervised parenting time pursuant to a written agreement or court order. By the time of the hearing, the fraudulent consent decree had been vacated and set aside. Even under the fraudulent consent decree, Father was not entitled to joint legal decision-making or parenting time. Because one of the two requirements of section 25-408(A) was not met, the relocation statute did not apply. The family court, therefore, did not err in failing to apply the relocation factors in section 25-408(H). *Buencamino,* 223 Ariz. at 164, ¶¶ 8-9, 221 P.3d at 43 (holding that where the statutory prerequisites of § 25-408(A) are not met, the relocation statute does not apply).

**III.        A.R.S. § 25-403 Findings**

**¶12**        Mother argues the evidence does not support the family court's conclusion that awarding sole legal decision-making authority to Father was in the children's best interests. Rather, Mother contends the family court awarded sole legal decision-making to Father as a sanction based on her failure to comply with its orders.

**¶13**        The court's duty to consider the children's best interests is paramount. *Hays v. Gama*, 205 Ariz. 99, 102, ¶ 18, 67 P.3d 695, 698 (2003). In a contested legal decision-making or parenting time case, the family court must make specific findings on the record regarding the best interests factors listed in A.R.S. § 25-403(A), as well as "the reasons for which the decision is in the best interests of the child[ren]." A.R.S. § 25-403(B). *See also Hurd v. Hurd,* 223 Ariz. 48, 51, ¶ 11, 219 P.3d 258, 261 (App. 2009). Failure to make the requisite findings constitutes an abuse of discretion. *Id.* In evaluating the adequacy of the family court's findings of fact, the key issue is whether findings allow the appellate court to

"ascertain from the court's orders and ruling how the court weighed the statutory factors and [arrived] at its conclusion." *Reid v. Reid*, 222 Ariz. 204, 207, ¶ 13, 213 P.3d 353, 356 (App. 2009).

¶14        Mother's claim that the family court's legal decision-making and parenting time orders were imposed as a sanction for failing to comply with its orders is not supported by the record. Although the family court sternly admonished Mother at the hearing for failing to have the children interviewed by conciliation services, the court also obtained evidence concerning the best interest factors contained in A.R.S. § 25-403(A). Moreover, the family court did not state at the hearing or in its final decree that its orders were imposed as a sanction against Mother.[1]

¶15        Contrary to Mother's assertions, the family court properly made findings regarding each of the factors enumerated in § 25-403(A) and cited evidence in support of each factor. The evidence in this case rests almost entirely on the testimony of Mother and Father. In considering this testimony, the family court determined that Mother was not a credible witness. This determination was clearly within the province of the family court, and, as a result, we defer to the family court's assessment of Mother's credibility and the weight it gave to the conflicting evidence presented at the hearing. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13, 972 P.2d 676, 680 (App. 1998).

¶16        Mother argues the family court failed to consider the children's wishes. A.R.S. § 25-403(A)(4). The record, however, does not support this claim. Although, as a consequence of Mother's failure to comply with the family court's orders, the family court made its legal decision-making determination without the benefit of an interview of the children, the court was still presented with evidence of the children's wishes by Mother and Father. Father testified that the children were excited to visit him in Oklahoma and his oldest daughter had recently called and told Father she is constantly in trouble with Mother and wanted "to come to [him]." As there is no requirement that an interview be completed in order to determine the best interests of the children, and

---

[1]        With respect to the award of temporary emergency legal decision-making to Father at the end of the hearing, the record does not reflect that this was a punitive measure against Mother. Rather, the family court was within its discretion to make such an award after Mother was taken into custody for her outstanding warrant; as the family court noted, Mother was "unavailable" to the children while she was in custody.

the court was able to make findings supporting the children's wishes in this matter, we conclude that the court did not abuse its discretion.

¶17        Mother also asserts that the family court failed to address the children's future long distance relationship with the parties. A.R.S. § 25-403(A)(1). We disagree. The family court stated that Mother's history of denying Father access to the children indicated that Mother would be unlikely to co-parent or allow parenting time with Father in the future. This finding suggests the children's future relationship with Father would be harmed if Mother had primary physical custody of the children because she would deny Father meaningful and continuing access to the children. A.R.S. § 25-403(A)(6).

¶18        Next, Mother asserts the family court's findings do not address the children's relationships with the parties or with Father's live-in girlfriend and her son. A.R.S. § 25-403(A)(2). However, the family court addressed the children's relationship with both parents in detail. In addition, the court addressed the children's relationship with Father's girlfriend and her son, noting that the "children have met Father's girlfriend one time and seem to get along with her, but they do not know her well."

¶19        Additionally, Mother claims the family court lacked evidence about the parties' mental health and history of domestic violence. A.R.S. § 25-403(A)(5), -403(A)(8). However, the family court considered evidence and made detailed finding as to both factors. To the extent Mother asserts she was unaware these issues would be addressed at the hearing, as stated above, Mother was properly on notice that legal decision-making and parenting time would be at issue at the hearing. *See supra*, ¶ 9.

¶20        Accordingly, we conclude the family court made the requisite best interest findings in support of its award of sole legal decision-making authority to Father. We conclude there is no error.

## IV.        Attorneys' Fees on Appeal

¶21        Mother requests an award of attorneys' fees on appeal pursuant to ARCAP 21. We deny Mother's request because she has failed to cite any substantive authority in support of her request. *See* ARCAP 21(a)(2).

## CONCLUSION

**¶22** For the foregoing reasons, we affirm the family court's decree regarding legal decision-making and parenting time.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : jt