NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Mater of:

ALLEN F. FOWLER, *Petitioner/Appellee,*

*v.*

PAMELA D. FOWLER, *Respondent/Appellant.*

No. 1 CA-CV 14-0361
FILED 1-27-2015

Appeal from the Superior Court in Maricopa County
No.  FC2010-000186
The Honorable Susan M. Brnovich, Judge

**AFFIRMED**

COUNSEL

Daly Law Firm, Scottsdale
By Douglas Daly
*Counsel for Petitioner/Appellee*

Wilkins Law Firm PLLC, Phoenix
By Amy M. Wilkins and Heather Coe-Smith
*Counsel for Respondent/Appellant*

_____

## MEMORANDUM DECISION

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Maurice Portley and Judge Jon W. Thompson joined.

_____

**G O U L D**, Judge:

**¶1** Pamela Fowler ("Mother") appeals the family court's order denying her petition to modify parenting time and relocate her minor daughter Alexis F. ("Child") to Arizona. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** Mother and Allen Fowler ("Father") divorced in 2006. After the divorce, Mother moved to Arizona and Father moved to Maryland. In August 2012, Mother and Father entered a parenting time agreement regarding Child. Under the agreement, the parties agreed to joint legal decision-making authority, and Mother was designated as Child's primary residential parent.

**¶3** In January 2013, Mother emailed the following agreement to Father:

> I, Pamela Fowler, hereby state that from January 7th to March 9th, Allen Fowler is assuming the role of primary residential parent of [Child]. After this time period, we will reevaluate the parenting plan for [Child] with our daughters [sic] best interest.
>
> Pamela Fowler

**¶4** Based on the agreement, Child moved to Maryland to live with Father. However, a few weeks later Mother advised Father she wanted Child to return to Arizona. In response, Father filed a petition to enforce Mother's email as a binding agreement pursuant to Arizona Rule of Family Procedure 69.

**¶5** The family court held an expedited hearing on Father's petition and determined that Mother's email was a binding Rule 69 agreement. Accordingly, the family court ordered Child to remain in

Maryland with Father. The court advised Mother that if she wanted to modify the agreement, she would have to file a petition seeking to modify parenting time.

¶6        Mother subsequently filed a petition to modify parenting time and relocate Child to Arizona. After an evidentiary hearing, the family court denied Mother's petition, finding that it was in the best interests of Child to remain with Father. Mother timely appealed.

## DISCUSSION

¶7        Mother asserts that because she was the primary residential parent under the August 2012 agreement, the family court erred when it determined she had the burden of (1) modifying parenting time, and (2) proving it was in the best interests of Child to relocate to Arizona. Mother's argument is based on the premise that the email agreement was a temporary agreement. Mother concedes that she agreed to make Father the primary residential parent of Child, but only until March 9, 2013. Mother asserts that once the temporary, fixed term listed in the agreement ended, the August 2012 agreement designating her as the primary residential parent was reinstated.[1]

¶8        "The appropriate burden of proof is a question of law, which this court reviews de novo." *American Pepper Supply Co. v. Federal Ins. Co.*, 208 Ariz. 307, 309, ¶ 8, 93 P.3d 507, 509 (2004). A family court's interpretation of a contract or agreement is a question of law we review de novo. *In re Marriage of Pownall*, 197 Ariz. 577, 580, ¶ 7, 5 P.3d 911, 914 (App. 2000). However, we accept the family court's factual findings as to the intent of the parties in entering an agreement unless they are clearly erroneous. *McNeil v. Hoskyns*, 236 Ariz. 173, 176, ¶ 13, 337 P.3d 46, 49 (App. 2014); *Chopin v. Chopin*, 224 Ariz. 425, 428, ¶ 7, 232 P.3d 99, 101 (App. 2010). Additionally, agreements between parties in family court, like other contracts, "are to be read in light of the parties' intentions as reflected by their [contract] language and in view of all circumstances; if the intention of the parties is clear from such a reading, there is no ambiguity." *Harris v. Harris,* 195 Ariz. 559, 562, ¶ 15, 991 P.2d 262, 265 (App. 1999); *see Beaugureau v. Beaugureau,* 11 Ariz. App. 234, 237, 463 P.2d 540, 543 (1970).

---

[1]        Mother has not alleged that the email agreement was the product of fraud or duress, nor has she alleged that the agreement arose by mistake because she misunderstood the terms of the agreement.

¶9            Rule 69(A)(1) states, in relevant part, that "[a]n agreement between the parties shall be valid and binding if . . . the agreement is in writing."  Ariz. R. Fam. L. P. 69(A)(1).  A written "agreement entered into by the parties" pursuant to Rule 69(A)(1) "shall be presumed to be valid," and it is the "burden of the party challenging the validity of the agreement to prove any defect in the agreement."  Ariz. R. Fam. L. P. 69(B).

¶10           Because Rule 69 was adapted from Arizona Civil Rule of Procedure 80(d), we look to cases interpreting Rule 80(d) for guidance.  Ariz. R. Fam. L. P. 69, comm. cmt.; *see* Ariz. R. Fam. L. P. 1, comm. cmt.  We have held that for an agreement to be enforceable under Rule 80(d) the "manifestation of assent, as well as the terms of the agreement, must be in writing."  *Canyon Contracting Co. v. Tohono O'Odham Hous. Auth.*, 172 Ariz. 389, 393, 837 P.2d 750, 754 (App. 1992).  Thus, an agreement sent by email is binding and enforceable under Rule 80(d).  *Cf. Donahoe v. Arpaio*, 872 F.Supp. 2d 900, 906 (D. Ariz. 2012).

¶11           Here, the email unambiguously states that Father is designated as Child's primary residential parent.  The email agreement does not state, as Mother contends, that it is temporary, or that Mother is to reassume her role as primary residential parent on March 9, 2013.  Rather, the email agreement provides that on March 9 the parties will jointly reevaluate what "parenting plan" is in Child's best interests.

¶12           Although Mother argues that she expected Child to return to Arizona at the end of the "temporary term," her testimony at the evidentiary hearing was more equivocal.  Mother testified that she entered the email agreement with the intention that Child would stay wherever it was "in the best interest of my daughter," and that she would have supported Child staying with Father "if [things] would have gone differently between January 7 and March 9."

¶13           Based on our review of the record, we conclude the email agreement unambiguously designates Father as the permanent, primary residential parent of Child.  Additionally, the email agreement constitutes a binding, enforceable agreement under Rule 69(A)(1).

¶14           Mother contends that even if the email agreement was a binding Rule 69 agreement, the family court erred in accepting the agreement without making express findings that the modification and

relocation of Child was in her best interests.[2]  *See* A.R.S. § 25-403(B)[3] (requiring a court in a contested parenting time case to make express findings as to all relevant best interests factors listed under A.R.S. § 25-403(A)); A.R.S. § 25-408(H) (requiring a court to consider all relevant statutory factors in determining whether relocation of a child is in the child's best interests).  We disagree.

¶15        Mother correctly notes that the family court was not bound to approve the email agreement reached by the parties, and that it was ultimately responsible for determining whether the agreement was in the best interests of Child.  *Sharp v. Sharp*, 179 Ariz. 205, 208, 877 P.2d 304, 307 (App. 1994).  However, a family court is not required to hold a trial or make express findings when the parties voluntarily enter into an agreement to modify parenting time. *See* A.R.S. § 25-403(B) (express findings on children's best interests required only if custody contested); *see also Lowther v. Hooker*, 129 Ariz. 461, 462, 464, 632 P.2d 271, 272, 274 (App. 1981) (affirming a custody modification order based upon parents' stipulation despite the fact the family court made no express findings regarding children's best interests).   Moreover, we will assume the family court made every finding necessary to support its determination if there is any reasonable evidence to support its decision. *Bender v. Bender*, 123 Ariz. 90, 92, 597 P.2d 993, 995 (App. 1979).

¶16        Here, the record shows that in approving the email agreement, the family court determined it was in the best interests of Child to live with Father.  The family court stated that the parties "apparently agreed it was in the best interests of the [Child] for her to go to Maryland . . . because of whatever problems she was having in Arizona."   The court further stated "that absent some danger in Maryland . . . [Child] should absolutely stay there,"  and "cannot be ping ponging back and forth between Maryland and Arizona."

¶17        Additionally, the best interest factors concerning relocation did not apply to the email agreement.  Section 25-408 applies when both parents are entitled to joint legal decision-making or unsupervised

---

[2]      We note that following the lengthy evidentiary hearing on Mother's petition to relocate/modify parenting time, the family court made detailed findings as to all of the statutory factors enumerated under both Arizona Revised Statutes ("A.R.S.") sections 25-403 (2014) and 25-408 (2014).

[3]      We cite the current version of the applicable statute because no revisions material to this decision have since occurred.

parenting time pursuant to a written agreement or court order *and* both parents reside in Arizona. *See* A.R.S. § 25-408(A); *Buencamino v. Noftsinger*, 223 Ariz. 162, 164, ¶ 8, 221 P.3d 41, 43 (2009). At no time prior to the entry of the family court's decree were both parents residing in Arizona. Father never resided in Arizona after the divorce in 2006. Because one of the two requirements of § 25-408(A) was not met, the relocation statute did not apply. *Buencamino,* 223 Ariz. at 164, ¶¶ 8–9, 221 P.3d at 43 (holding that where the statutory prerequisites of § 25-408(A) are not met, the relocation statute does not apply).

¶18　　　Accordingly, the family court did not err in determining that Father was permanently designated as the primary residential parent under the email agreement, and that the agreement was in the best interests of Child. As a result, the family court correctly determined that Mother bore the burden of modifying parenting time and proving it was in the best interests of Child to relocate to Arizona.

¶19　　　Mother also contends the family court's approval of the email agreement violated A.R.S. § 25-411(A). Section 25-411(A) provides that "[a] person shall not make a motion to modify a legal decision-making or parenting time decree earlier than one year after its date." Mother argues that because the subject modification occurred less than a year after the August 2012 parenting time agreement, the family court lacked jurisdiction to modify parenting time.

¶20　　　We review de novo whether the family court had jurisdiction to issue an order modifying a prior custody order. *In re Marriage of Dorman*, 198 Ariz. 298, 301, ¶ 6, 9 P.3d 329, 332 (App. 2000).

¶21　　　Section 25-411 does not preclude a family court from modifying custody when the parties voluntarily agree to modify custody. "[A] trial court is vested with subject matter jurisdiction over domestic relations matters, including child custody determinations . . . [a]nd . . . has continuing jurisdiction to modify a custody decree it has entered." *Dorman*, 198 Ariz. at 301, ¶ 7, 9 P.3d at 332 (citations omitted). Section 25-411 is not, as Mother contends, a jurisdictional statute; it is a procedural statute designed to resolve disputed custody matters. *Id*.; *see Lowther*, 129 Ariz. at 462–63, 632 P.2d at 273–74 (stating that compliance with former A.R.S. § 25-339, the predecessor statute to A.R.S. § 25-411, is not a "jurisdictional prerequisite" to modify custody, but rather is "clearly designed to apply to an adversary situation," establishing a "prescribed procedure" for the court to resolve such disputes).

¶22        Indeed, Mother concedes that § 25-411 did not prevent the parties from modifying the August 2012 agreement.  In Mother's reply brief she states, "after all, parents should be allowed to stipulate to changes in the parenting plan without waiting a full year if they both agree."  Mother contends, however, that because there was no agreement to permanently modify parenting time, the adversarial procedures contained in § 25-411 apply in this case.

¶23        We disagree. We have already determined that Mother voluntarily entered the email agreement to permanently modify parenting time.  *Supra*, at ¶¶ 11, 13.  As a result, the adversary procedures outlined in § 25-411 did not apply.

## CONCLUSION

¶24        For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama