NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

REBECCA L. JOHNSON, *Petitioner/Appellant*,

*v.*

JAMES PROVOYEUR, *Respondent/Appellee*.

No. 1 CA-CV 15-0086 FC
FILED 1-28-2016

Appeal from the Superior Court in Maricopa County
No. FC2013-000701
The Honorable Michael J. Herrod, Judge

**REMANDED**

COUNSEL

Gillespie, Shields, Durrant & Goldfarb, Phoenix
By DeeAn Gillespie Strub, Mark A. Shields
*Counsel for Petitioner/Appellant*

Kenneth A. Winsberg, PC, Phoenix
By Kenneth A. Winsberg
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Kenton D. Jones and Judge Samuel A. Thumma joined.

---

**S W A N N**, Judge:

¶1 Rebecca L. Johnson ("Mother") appeals the superior court's order that James Provoyeur ("Father") serve as the primary residential parent of the parties' minor children. As part of its analysis under A.R.S. § 25-403, the court found that Mother had moved the children from Rhode Island to Arizona to further her own interests and not theirs. But under § 25-403, Mother's motivation was relevant only to the extent her choice affected the children's best interests -- and the court made no findings on that issue. The court's consideration of Mother's motivation in the abstract was inconsistent with A.R.S. § 25-403, and on this record we cannot discern whether the error affected the court's conclusion. Accordingly, we remand for further findings.

## FACTS AND PROCEDURAL HISTORY

¶2 Mother and Father, a married couple, lived together with their two children in Rhode Island. For years, Mother told Father that she wished to relocate the family to Arizona, where she grew up and her relatives resided. Father opposed the plan for financial reasons. But in October 2012, Mother took a new position with her employer and moved to Arizona with the children, who were at that time four and two years old. Father acquiesced to the move because he believed that it was temporary and that Mother would "come to her senses" and return to Rhode Island. Mother, by contrast, believed that Father would eventually join her in Arizona.

¶3 Soon after Mother arrived in Arizona, she learned that she was pregnant with the parties' third child. Mother gave birth to the child in June 2013 and filed a petition for dissolution of marriage later that month.

¶4 The parties agreed to a neutral parenting plan under which the children would live with the primary residential parent during the school year and with the other parent during summer and school breaks.

The parties disagreed about who should be the primary residential parent -- Mother argued that she should be the primary residential parent in Arizona, and Father argued that he should be the primary residential parent in Rhode Island. Both parties presented the issue to the superior court largely as one of relocation under A.R.S. § 25-408.

¶5        After an evidentiary hearing, the court held that it was in the children's best interests for Father to serve as the primary residential parent. In support of this conclusion, the court made findings regarding the factors enumerated in A.R.S. § 25-403(A). As part of its findings under A.R.S. § 25-403, the court found: "Mother's actions in moving to Arizona were to further her interests and not the best interests of the children."

¶6        Mother challenged the above-quoted finding in a motion for new trial, arguing that she and the children shared an economic interest in her taking a more prestigious and lucrative job. The court denied the motion. Mother timely appeals.

## DISCUSSION

¶7        Though they both presented the case to the superior court as a relocation dispute under A.R.S. § 25-408, the parties now concede on appeal that § 25-408 does not govern their dispute. Section 25-408 applies when a written agreement or court order establishes joint legal decision-making authority or parenting time for two Arizona parents, and one of the parents seeks to relocate the children outside of the state or more than one hundred miles within the state. A.R.S. § 25-408(A); *see also Buencamino v. Noftsinger*, 223 Ariz. 162, 163, ¶¶ 8-10 (App. 2009). Here, the parties sought an *initial* determination of legal decision-making authority and parenting time, and Father did not reside in Arizona. The superior court therefore properly analyzed the matter under A.R.S. § 25-403 rather than § 25-408.

¶8        Section 25-403 provides that to determine legal decision-making and parenting time, the superior court "shall consider all factors that are relevant to the child's physical and emotional well-being, including" eleven specifically enumerated factors, and, in a contested case, "shall make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." The court has broad discretion in the analysis. *In re Marriage of Diezsi*, 201 Ariz. 524, 525, ¶ 3 (App. 2002). We will reverse, however, if the court commits an error of law in the process of exercising its discretion. *Fuentes v. Fuentes*, 209 Ariz. 51, 56, ¶ 23 (App. 2004).

**¶9** Here, the court made written findings regarding each of the enumerated § 25-403 factors, as well as the factors set forth in §§ 25-403.03, -403.04, and -403.05. We do not disturb those findings.

**¶10** The court's finding regarding Mother's motivation for moving to Arizona did not independently relate to any of the factors enumerated in those statutes. Of course, the court was not limited to the enumerated factors. Because the paramount goal of the inquiry is to determine what will serve the children's best interests, *Hays v. Gama*, 205 Ariz. 99, 102, ¶ 18 (2003), § 25-403 provides that the court must consider and make specific findings regarding "all" factors relevant to the children's well-being, A.R.S. § 25-403; *see also Downs v. Scheffler*, 206 Ariz. 496, 499, 500, ¶¶ 8, 13 (App. 2003). And in some cases, some or all of the factors described in § 25-408 may be relevant. *Buencamino*, 223 Ariz. at 163, ¶ 10 n.3.

**¶11** Here, the parties emphasized Mother's motivation in moving to Arizona as a relevant factor under the rubric of A.R.S. § 25-408(I)(7). The court's finding that Mother was motivated by personal interest was supported by sufficient evidence. But the court made no findings concerning the effect of Mother's choice on the children. In the absence of a finding that Mother's decision had, by the time of trial, affected the children's best interests, the question of her motivation was simply irrelevant.[1] *Cf. Higgins v. Higgins*, 194 Ariz. 266, 271-72, ¶¶ 19-25 (App. 1999) (holding that court abused its discretion by finding that mother's adulterous cohabitation with boyfriend harmed the children when no evidence showed that they were harmed). The court's consideration of Mother's motivation, by itself, was improper, and on this record we must remand because we cannot discern whether the error affected the court's conclusion. *Cf. Owen v. Blackhawk*, 206 Ariz. 418, 421-22, ¶ 12 (App. 2003) (holding that in view of court's failure to explain its consideration of relevant § 25-408 factors, reversal and remand was necessary because it was unclear whether court focused too much attention on one factor to the exclusion of others).

---

[1] By the same token, Father's acquiescence to the move -- which Mother characterizes on appeal as "waiver" -- would be relevant only to the extent his decision affected the children's well-being.

4

**CONCLUSION**

**¶12**        We reverse and remand to allow the superior court to make a finding as to the relevance (if any) of Mother's motivation in moving the children to the children's physical and emotional well-being, to conduct any further proceedings necessary to aid this determination, and to reweigh all relevant findings in accordance with § 25-403.  We deny Father's request for attorney's fees on appeal.



Ruth A. Willingham · Clerk of the Court
FILED: ama