NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

KRISTINA ROBERTSON, *Petitioner/Appellant*,

*v.*

JASON BUCKNER, *Respondent/Appellee*.

No. 1 CA-CV 18-0579 FC
FILED 7-9-2019

Appeal from the Superior Court in Maricopa County
No. FC2010-051230
The Honorable Lisa Ann VandenBerg, Judge

**AFFIRMED**

COUNSEL

Garnice Law PLLC, Scottsdale
By Victor A. Garnice
*Counsel for Petitioner/Appellant*

Law Offices of Karla L. Calahan P.C., Phoenix
By Karla Lynn Calahan
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Maria Elena Cruz joined.

---

**M O R S E**, Judge:

¶1        Kristina Robertson ("Mother") appeals from an order denying her petition to modify parenting time and allow the relocation of the parties' child.  The superior court properly concluded that Mother, as the petitioner, bore the burden of proving her proposed modification was in the child's best interests, and we affirm the order.

## FACTS AND PROCEDURAL HISTORY

¶2        The parties have one child, born in 2009.  In 2011, Mother and Jason Buckner ("Father") agreed to joint legal decision-making and parenting time.  In 2014, Mother moved to Germany due to her husband's military deployment.  In light of Mother's move, the parties agreed to a long-distance parenting plan.  Consistent with the parties' agreement, the superior court ordered that joint legal decision-making would continue, and the child would reside primarily with Mother in Germany until February 1, 2015.  At that time, the child would return to Arizona and reside primarily with Father, and Mother would have parenting time over extended holiday and summer breaks.  The parties specifically agreed to "revisit" the parenting plan and attend mediation when Mother returned to the United States at the end of her husband's deployment.

¶3        Mother returned to Arizona in May 2018.  While in Arizona awaiting her husband's next assignment, Mother petitioned to "modify parenting time and allow relocation of the child."  Mother asked to be the primary residential parent and have the child live with her in Illinois, where her husband would next be stationed.  Mediation was unsuccessful, and, after an evidentiary hearing, the superior court denied Mother's petition.  The court considered the best interests factors listed in Arizona Revised Statutes ("A.R.S.") sections  25-403 and -403.01 as well as factors listed in the relocation statute, A.R.S. § 25-408(I), and affirmed the previously-ordered long-distance parenting plan.  Mother timely appealed.

## DISCUSSION

**¶4**        Although Mother petitioned to modify the primary residential placement of the child and the parenting plan, she argues on appeal that the superior court erred by requiring her to meet the burden of proof required under the relocation statute. A.R.S. § 25-408. She contends the relocation statute did not apply because she was not moving from Arizona. Mother also contends this is not a modification petition because the parties anticipated that they would have to revisit and mediate a new parenting plan when Mother returned to the United States. We review these questions of law de novo. *Gutierrez v. Fox,* 242 Ariz. 259, 266, ¶ 28 (App. 2017); *see also Buencamino v. Noftsinger,* 223 Ariz. 162, 164, ¶ 7 (App. 2009) (whether the relocation statute applied is a question of law reviewed de novo).

**¶5**        Father argues this court lacks jurisdiction to consider the arguments raised in Mother's appellate briefs because she failed to raise them below. Appellate courts generally decline to address arguments not raised in the superior court under the discretionary doctrine of waiver. *Chang v. Siu,* 234 Ariz. 442, 446, ¶ 12 (App. 2014). Father incorrectly asserts that waiver constitutes a lack of appellate jurisdiction. Jurisdiction is determined by statute, and we have jurisdiction to consider this appeal from a final order after judgment under A.R.S. § 12-2101(A)(2).

**¶6**        Mother's position on appeal directly contradicts her position below. She now argues that the relocation statute does not apply and that this is not a modification case but more like an initial petition for which the parties bear an equal burden of proving what is in the child's best interests. This argument is inconsistent with Mother's request to "relocate" the child to Illinois and become the primary residential parent. Mother's pretrial statement specifically cited § 25-408(I) and addressed the factors listed therein. Mother cannot now claim the superior court erred by applying the relocation statute when she expressly relied on that statute in her petition and request for relief. *See Caruthers v. Underhill,* 235 Ariz. 1, 6-7, ¶ 23 (App. 2014) ("By the rule of invited error, one who deliberately lead the court to take certain action may not upon appeal assign that action as error."). Therefore, Mother waived her argument that § 25-408 does not apply.

**¶7**        The superior court's order is supported by § 25-408(G), which places the burden of proving a relocation is in the child's best interests on the party seeking to relocate the child. Additionally, the court properly placed the burden of proof on Mother because the party seeking to modify legal decision-making or parenting time bears the burden of proof. *Pollock*

*v. Pollock,* 181 Ariz. 275, 277 (App. 1995); *Marley v. Spaulding,* 10 Ariz. App. 213, 215 (1969).

¶8        Mother contends this was not a modification proceeding but a trial de novo because the 2014 parenting time order terminated when she returned to the United States.  Alternatively, Mother contends the 2014 order was temporary because it anticipated that the parties would revisit the parenting plan when she returned.  We disagree.  The 2014 order resolved all issues before the court and was, therefore, a final and not a temporary order.  *See Camasura v. Camasura,* 238 Ariz. 179, 181-82, ¶ 7 (App. 2015) (holding a final order disposes of all claims or includes an appropriate certification under Arizona Rule of Family Law Procedure 78(B)).  Although the order implied that Mother's return to the United States might warrant a modification, the order did not terminate the parenting plan on a certain date or a named event but directed that the parties attempt to renegotiate a new parenting plan on Mother's return.  After an unsuccessful mediation, Mother petitioned to modify the parenting plan and relocate the child to Illinois instead of continuing the long-distance parenting plan already in place.  Therefore, the superior court properly placed the burden of proof on Mother, as the petitioner, to show the proposed modification was in the child's best interests.  *See Pollock,* 181 Ariz. at 277; *Marley,* 10 Ariz. App. at 215.  We affirm the denial of Mother's petition to modify.

¶9        Mother requested an award of attorneys' fees on appeal under A.R.S. § 25-324.  Because Mother failed to state any facts or legal arguments to support an award of fees under that statute, we deny her request.  As the successful party on appeal, Father is entitled to an award of costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.  *See* A.R.S. § 12-342.

## CONCLUSION

¶10        We affirm the superior court's order and award Father's costs on appeal.



AMY M. WOOD • Clerk of the Court
FILED:  AA