NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

EDEM I. BUMEKPOR, *Petitioner/Appellant*,

*v.*

ARISHA SHAW, *Respondent/Appellee*.

No. 1 CA-CV 24-0160 FC

FILED 10-24-2024

Appeal from the Superior Court in Maricopa County
No.  FC2022-090552
The Honorable Lisa Stelly Wahlin, Judge

**AFFIRMED**

COUNSEL

Edem Igor Bumekpor, Gilbert
*Petitioner/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Andrew M. Jacobs joined.

**C R U Z**, Judge:

¶1          Edem Bumekpor ("Father") appeals the long-distance parenting plan between him and Arrisha Shaw ("Mother") regarding his two minor sons, J.S-B., born in 2020, and S.S-B., born in 2021 ("the children").  Because he has shown no error, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2          We view the facts in the light most favorable to sustaining the superior court's orders.  *See Lehn v. Al-Thanayyan*, 246 Ariz. 277, 283, ¶ 14 (App. 2019).

¶3          The parties were never married but have two minor children in common.  In February 2022, Father filed a petition in Maricopa County Superior Court to establish parenting time, legal decision-making, and child support, seeking to be designated as the children's primary physical custodian.  Father also obtained a preliminary injunction prohibiting both parties from removing the children from Arizona without prior written consent or court approval.  Mother was properly served with the petition and preliminary injunction, among other documents, on February 12, 2022.

¶4          The parties both testified that Mother moved to Indiana with the children within a week of being served with the preliminary injunction prohibiting such a move.  Father filed a petition for a finding of contempt, arguing Mother removed the children in violation of the preliminary injunction.  Mother's response alleged Father had consented to her taking the children to Indiana to visit her family.  Mother also alleged Father had consented to relocating the family, but abruptly changed his mind; as a result, she did not have the financial resources to return to Arizona, as she had already taken significant steps to relocate out of the state.

¶5          In July 2022, both parties were represented by counsel at a resolution management conference regarding the parties' petitions and Father's petition for contempt.  As a result, the court issued a minute entry stating the parties were required to participate in mediation.  Father then moved for temporary orders, requesting he be the primary residential parent and that Mother return the children to Arizona.

¶6          In September 2022, the court held an evidentiary hearing regarding the request for temporary orders.  The resulting temporary orders provided for joint legal decision-making and designated Mother as the primary residential parent, recognizing the need for a long-distance

parenting plan. Father was given one week of parenting time every month. Father filed a motion for reconsideration, which the court denied.

**¶7**        After trial in January 2024, the superior court issued final orders which provided for joint legal decision-making authority and a long-distance parenting time plan, designating Mother as the primary residential parent but providing long-distance parenting time to Father. The orders include best interests findings based on the factors in A.R.S. §§ 25-403, -403.01, and -403.03.

**¶8**        In late January 2024, Father moved for clarification of the final orders, asking that the court address the "unauthorized relocation of the children" in February 2022. Father sought to clarify if it was "lawful for [M]other to continue to reside with children outside the state of Arizona," and if not, to "provide specific clarification on when [M]other is to permanently relocate children back to Arizona." The court denied Father's motion and entered a final Rule 78(c) judgment.

**¶9**        Father timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) and (2).

## DISCUSSION

**¶10**        Father's brief does not comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13(a)(7)(A). That rule requires that arguments include "contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the . . . record." *Id.* Because Father's arguments are "not supported by adequate explanation, citations to the record, or authority," they are waived. *See In re Aubuchon*, 233 Ariz. 62, 64-5, ¶ 6 (2013). Mother failed to file an answering brief, which typically "constitutes a confession of error." *Gibbons v. Indus. Comm'n,* 197 Ariz. 108, 111, ¶ 8 (App. 1999). We may, however, exercise our "discretion to waive this general rule to address a purely legal issue." *Id.* at 111, ¶ 8. And we generally decline to apply a parent's waiver where, as here, it would affect the interests of children. *Hays v. Gama*, 205 Ariz. 99, 102-03 ¶ 18 (2003), citing *Hoffman v. Hoffman*, 4 Ariz. App. 83, 85 (1966) (stating that application of implied confession of error should not be mandatory in cases involving minor children). While we decline to apply waiver here, Father has shown no error.

3

I.      A.R.S. § 25-408.

¶11      Father argues on appeal that the superior court "abused its discretion in entering a long-distance parenting plan" without making findings pursuant to A.R.S. § 25-408. Whether the relocation provisions of A.R.S. § 25-408 apply is an issue of statutory interpretation we review de novo. *Buencamino v. Noftsinger*, 223 Ariz. 162, 164, ¶ 7 (App. 2009).

¶12      Section 25-408 provides that if both parents of a child are entitled to joint legal decision-making or parenting time "by written agreement or court order," and both parents reside in Arizona, a parent may not relocate the child out of state, or more than 100 miles within the state, without providing notice so that the other parent has an opportunity to petition the superior court to prevent the relocation of the child. A.R.S. § 25-408(A), (C). Section 25-408 does not apply here because there was no written agreement between the parties, and no court orders were in place at the time of Mother's move to Indiana with the children.

¶13      The temporary orders established, for the first time, the requirement for "compliance with A.R.S. § 25-408" should either party seek to "relocate the residence of the children outside of the state of Arizona or to a distance greater than 100 miles from the *current residential locations*." (emphasis added). The record supports a finding that the children's "current residential location[]" at the time of issuance of the temporary orders was in Indiana. Thus, A.R.S. § 25-408 does not apply to the circumstances of this case.

II.      Contempt.

¶14      Father indicates the superior court failed to rule on his request for a finding of contempt against Mother for her failure to comply with the preliminary injunction issued at the filing of Father's petition, which bound Mother after she was served with it, before she moved to Indiana. The preliminary injunction provided that the parties were not to remove the children "then residing in [Arizona] without prior written consent of the parties or the permission of the court." Father correctly notes that "A.R.S. § 25-808 provides that the Preliminary Injunction 'has the force and effect of an order of the Superior Court signed by a judge and is enforceable by all remedies made available by law including contempt of Court.[']"

¶15      Mother moved to Indiana with the children after she had been served with the preliminary injunction. Father first petitioned for a contempt finding in May 2022. He asserts that at a July 2022 resolution management conference, the court "did not address the matter of contempt

and instructed [he] file[] a motion for temporary order if [he] wanted the matter of removal of children from the State of Arizona addressed." Yet Father cites no evidence to support this assertion and provides no transcript from that conference. To the contrary, the record reflects the superior court set the matter of Mother's contempt for hearing in July 2022, as part of a resolution management conference where both parties were present and represented by counsel, and that after discussion, the case was placed on the inactive calendar for dismissal. In the absence of a transcript of that conference, we presume the actions of the superior court are supported by the missing transcript. "[W]here an incomplete record is presented to an appellate court, the missing portions of that record are to be presumed to support the action of the trial court." *Cullison v. City of Peoria*, 120 Ariz. 165, 168 n.2 (1978) (citation omitted). Thus, Father has shown no error.

**CONCLUSION**

¶16        The final order is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV

5