NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In Re the Matter of:

CHRISTIAN WASHBURN, *Petitioner/Appellant/Cross-Appellee,*

*v.*

NICOLE ELIZABETH HOUSTON, *Respondent/Appellee/Cross-Appellant.*

No. 1 CA-CV 24-0315 FC

FILED 01-02-2026

Appeal from the Superior Court in Maricopa County
No. FC2021-071174
The Honorable Julie Ann Mata, Judge

**AFFIRMED**

COUNSEL

The Law Office Of Carrie M. Wilcox PLLC, Phoenix
By Carrie M. Wilcox
*Counsel for Petitioner/Appellant/Cross-Appellee*

State 48 Law Firm, Scottsdale
By Robert Hendricks, Stephen Vincent, Samantha Brown
*Counsel for Respondent/Appellee/Cross-Appellant*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Vice Chief Judge David D. Weinzweig joined.

---

**B A I L E Y**, Judge:

**¶1** Christian Washburn ("Father") and Nicole Houston ("Mother") appeal and cross-appeal, respectively, from the superior court's order denying Father's petition to prevent their children from relocating to Wyoming and relocate them to Arizona. Father also appeals the superior court's amended decree of dissolution. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** Father and Mother married in Arizona in 2017. In 2021, Mother moved to Nebraska with their two minor children. Father filed a petition for dissolution of marriage shortly after. The superior court entered a dissolution decree in June 2023 ordering joint legal decision-making and establishing a long-distance parenting plan with Mother as the primary residential parent.

**¶3** Soon after, Father moved to alter or amend the decree. He alleged Mother's pre-filing move to Nebraska constituted a relocation and so the court should have analyzed whether the relocation was in the children's best interests, considering the relevant factors in Arizona Revised Statutes ("A.R.S.") section 25-408. The superior court agreed. After holding an evidentiary hearing, it issued an amended decree in March 2024 that addressed the relocation factors. The amended decree concluded Mother met her burden of showing the relocation was in the children's best interests and affirmed the parenting time arrangement.

**¶4** Father appealed the amended decree. In April 2024, while the appeal was pending, Mother informed Father she planned to move with the children to a town in Wyoming, forty-five miles away from her Nebraska residence. In response, Father petitioned to prevent relocation and instead permit relocation to Arizona. He argued it was not in the children's best interests to move to Wyoming and that they should return to Arizona to

live with him.  We stayed Father's appeal until the superior court resolved the petition.

**¶5**          In November 2024, the court held an evidentiary hearing.  Its December 2024 order denied Father's request to prevent the children's relocation to Wyoming, denied the request to relocate them to Arizona, and declined to award either party attorneys' fees.  Mother moved to alter or amend the order.  Relevant to this appeal, Mother objected to the court's finding that she has substantially more resources than Father and its conclusion that A.R.S. § 25-324(B) did not apply.  The superior court denied the motion.

**¶6**          Father timely appealed the amended decree and the order denying his requests to prevent relocation and relocate to Arizona.  Mother timely cross-appealed the denial of the motion to alter or amend.  We have jurisdiction over the appeal and cross-appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(1).

## DISCUSSION

I.     Findings of Fact in the Amended Decree

**¶7**          Father challenges the superior court's approval of the children's relocation to Nebraska with Mother.  He argues the court erred by failing to make adequate findings on the statutory relocation factors listed in A.R.S. § 25-408(I).

**¶8**          We review the superior court's decision on child custody for an abuse of discretion.  *Owen v. Blackhawk*, 206 Ariz. 418, 420, ¶ 7 (App. 2003).  A court abuses its discretion when it acts arbitrarily or inequitably, makes a decision unsupported by the facts, or misapplies the law.  *See City of Phoenix v. Geyler*, 144 Ariz. 323, 328-29 (1985).

**¶9**          The court's power to enter a relocation order is rooted in A.R.S. § 25-408.  "When deciding a relocation issue that implicates a change in parenting time, the court must determine whether relocation would serve the child's best interests by considering and making specific findings with respect to all relevant factors, including those set forth in § 25-408(I)." *Berrier v. Rountree*, 245 Ariz. 604, 606, ¶ 9 (App. 2018) (citations omitted). Findings of fact must be sufficiently specific to enable the appellate court to provide effective review of whether the superior court correctly applied the law. *Ruben M. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 236, 241, ¶ 25 (App. 2012).

3

¶10        Here, the superior court analyzed the relocation factors from A.R.S. §§ 25-403 and 25-408(I) over five pages of the amended decree. For each of the relevant factors on which the parties presented evidence, the court included findings of fact demonstrating what evidence it considered. Father argues that some of these findings are merely recitations of testimony, but points to no authority requiring the court to present its factual findings in a specific form. Father also argues the facts recited by the superior court favor Father's position. This amounts to a request to reweigh evidence, which we will not do. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009).

¶11        The superior court made findings on each relevant factor as required by statute, and the findings are sufficient for us to review whether the court correctly applied the law. *See Ruben M.*, 230 Ariz. at 241, ¶ 25. The superior court did not abuse its discretion in allowing Mother to relocate with the children to Nebraska.

¶12        Alternatively, Father contends repeated mistakes by the superior court warrant a negative inference regarding the court's understanding of the law. Father has pointed to no legal authority, and we have found none, supporting such an inference. We therefore will not apply it.

II.        Post-Decree Relocation to Wyoming

¶13        Father challenges the superior court's order denying his request to prevent the children from moving from Nebraska to Wyoming. Father argues this move constituted a relocation and the superior court therefore erred by failing to analyze it under A.R.S. § 25-408. "Whether the relocation provisions of § 25-408 are applicable is an issue of statutory interpretation that we review de novo." *Buencamino v. Noftsinger*, 223 Ariz. 162, 164, ¶ 7 (App. 2009) (citations omitted).

¶14        Arizona courts are divided over when to apply these relocation factors. In *Buencamino*, we held the prerequisites from what is now A.R.S. § 25-408(A)—that both parents reside in the state and that there was a written agreement or court order providing for custody or parenting time by both parents—must be met for the § 25-408 relocation provisions to apply. *Id.* at ¶¶ 8-9. On the other hand, in *Woyton v. Ward* we held this subsection does not define relocation but instead describes the circumstances in which a party must give notice. 247 Ariz. 529, 532, ¶ 9 (App. 2019). There, we held the superior court needed to apply the relocation factors because the child was an Arizona resident, lived in

4

Arizona, and the superior court's order would have resulted in the child moving outside the state. *Id.* at 533, ¶ 11.

**¶15** Under either of these rules, the superior court was not required to perform a relocation analysis. Mother already lived in Nebraska, so both parents do not reside in Arizona. In addition, the children at the time of the move were living in Nebraska with Mother. In *Woyton*, an Arizona resident child moved outside the state, but here the children already reside outside Arizona and are moving to a neighboring state also outside Arizona. 247 Ariz. at 530-531, ¶ 2.

**¶16** Relocation is also addressed in the amended decree, which states neither party "shall relocate the residence of the children . . . to a distance greater than 100 miles from the current residential locations without compliance with A.R.S. § 25-408." As the proposed move to Wyoming is less than 100 miles, this decree provision is not triggered.

**¶17** Neither case law nor the terms of the amended decree indicate the proposed move to Wyoming is a relocation requiring the superior court to apply the § 25-408 factors. The court therefore did not err.

III.    Cross-Appeal on Attorneys' Fees

**¶18** Mother cross-appeals the superior court's denial of her request for attorneys' fees in its December 2024 order. She contends its factual finding that she "has considerably more resources available to contribute toward [Father's] attorney fees and costs" and its conclusion that A.R.S. § 25-324(B) did not apply were both erroneous.

**¶19** Preliminarily, Father argues that Mother's cross-appeal is deficient because her brief failed to include a specific statement of issues as required by Arizona Rule of Civil Appellate Procedure ("ARCAP") 13(g). But Mother's brief clearly delineated and outlined her claim of error, so we decline to disregard her cross-appeal. *See Fleming v. Tanner*, 248 Ariz. 63, 67, ¶ 9 n.3 (App. 2019).

**¶20** We review the superior court's award of attorneys' fees for an abuse of discretion. *Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 6 (App. 2014). On appeal, we do not reweigh evidence and will defer to the superior court's factual findings provided they are supported by the record. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 286, ¶ 31 (App. 2019).

**¶21** Mother contends the factual finding contradicted the court's previous ruling and was unsupported by the evidence. However, Father's

and Mother's testimony at the November 2024 evidentiary hearing provided sufficient support for the superior court's determination. Father testified he could not afford to travel more frequently to visit the children, he could not afford the children's daycare costs, and he had paid excess amounts of child support to Mother for childcare expenses she was not incurring. Mother testified she could afford extra expense to increase Father's parenting time. Based on this testimony, the superior court did not abuse its discretion in concluding Mother had more resources available to contribute to attorneys' fees.

¶22          Mother also asserts the superior court erred in finding A.R.S. § 25-324(B) did not apply. Section 25-324(B) mandates an award of attorneys' fees if the opposing party's petition is not grounded in fact or based on law.

¶23          Father asked the court to prevent Mother's relocation of the children to Wyoming. Mother argues this request was unsupported by fact. However, the superior court found Mother's move made it harder for Father to exercise parenting time and increased his costs because she had moved away from paternal family he could stay with. Father also testified the schedule for the new Wyoming school had fewer long breaks and so made it more difficult for him to spend time with the children. Father's petition was grounded in fact insofar as it requested the superior court prevent Mother's relocation to Wyoming.

¶24          Mother also argues Father's petition was not based on law. Father's request to relocate the children to Arizona was in response to Mother's move to Wyoming. While the petition was filed within one year of the amended decree and was therefore barred by A.R.S. § 25-411(A) ("A person shall not make a motion to modify a legal decision-making or parenting time decree earlier than one year after its date. . . ."), Father's request was otherwise legally supported. We decline to hold that the petition was not based on law solely due to its premature filing.

¶25          The superior court therefore did not abuse its discretion in determining A.R.S. § 25-324(B) did not apply.

IV.    Father's Counsel's Brief

¶26          An appellant's opening brief must be supported by "citations of legal authorities and appropriate references . . . to the record." ARCAP 13(a)(7)(A). Father's opening brief contains misleading and inaccurate legal citations and false record quotations. These errors merit further examination.

6

¶27 Regarding his legal arguments, Father cites several cases to argue the superior court erred by not considering specific A.R.S. § 25-408(I) relocation factors. Father claims the listed cases address the following relocation factors:

- *Buencamino v. Noftsinger*, 223 Ariz. 162 (App. 2009), whether a relocation request is made in good faith;
- *Woyton v. Ward*, 247 Ariz. 529 (App. 2019), the prospective advantages and a parent's motive for requesting or opposing relocation;
- *Reid v. Reid*, 222 Ariz. 204 (App. 2009), the likelihood of a parent's compliance with parenting time orders;
- *Vincent v. Nelson*, 238 Ariz. 150 (App. 2015), whether relocation allows a realistic opportunity for parenting time with each parent;
- *Thompson v. Thompson*, 217 Ariz. 524 (App. 2008), whether relocation enhances the custodial parent's quality of life.

None of the above cases discuss the claimed relocation factor.

¶28 In similar fashion, Father includes hallucinated quotations from *Owen v. Blackhawk*, 206 Ariz. 418 (App. 2003), including that "the trial court must make specific findings on the record about all relevant factors and the reasons for which the decision was made to allow or not allow the relocation" and "when a statute requires specific findings, the court must make those findings, and a failure to do so constitutes an abuse of discretion." Neither quote appears in *Owen*. Father also argues *Owen* requires the trial court to determine how a child's relocation would affect the balance of decision-making and parenting time. *Owen* does no such thing.

¶29 As to the record on appeal, Father's opening brief purports to include quotes from the amended decree and the May 2023 and November 2024 evidentiary hearing transcripts that do not appear in the documents cited.

¶30 Not surprisingly, the misidentified caselaw and hallucinated record cites all appear to support Father's version of the facts and bolster his argument that the court committed legal error.

¶31 Regardless of counsel's explanation for the errors, she has an ethical duty of candor to this court and to certify that representations made to this court are accurate. Ariz. R. Sup. Ct. 42, ER 3.3; Ariz. R. Civ. P. 11(a); *see also Mangan v. Mangan*, 227 Ariz. 346, 353-54, ¶¶ 29-32 (App. 2011)

(sanctioning counsel for misrepresenting the record and relying on inappropriate legal authorities). We forward this decision to the State Bar of Arizona to review whether counsel violated any rules of professional conduct.

V.      Attorneys' Fees

**¶32**      Mother and Father each request attorneys' fees under A.R.S. § 25-324. After considering the reasonableness of the parties' positions and their respective financial resources, we decline to award fees. We award Mother taxable costs on appeal upon compliance with ARCAP 21.

## CONCLUSION

**¶33**      We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR