JONES, C.J., MCGREGOR, V.C.J., FELDMAN and MARTONE, JJ., concurring.

38 P.3d 1189

**In re the Marriage of: Liam DIEZSI, Petitioner/Appellant,**

**and**

**Christina M. Diezsi, Respondent/Appellee.**

**No. 2 CA–CV 01–0010.**

Court of Appeals of Arizona, Division Two, Department A.

Jan. 15, 2002.

secondary physical custody. The decree also ordered Christina not to use alcohol when their son was in her physical custody and ordered both parents to prevent their son from being in the presence of any person "under the influence or . . . in possession of an illegal or controlled substance." At the hearing on the petition for dissolution, the trial court set a review hearing for May 2000, which was later reset for September 2000. In March 2000, Liam asked the court to change physical custody to him. In May, Christina was convicted of possessing marijuana, an offense she committed in January 2000. Following the review hearing in September, the trial court found Christina in contempt for various conduct; issued a detailed order about, among other matters, Christina's drug activity; and admonished both parents to provide a "reasonably safe and healthy environment for the child." The court declined, however, to remove the child from Christina's primary physical custody.

¶2 Liam appeals from the trial court's order denying his request to change custody, arguing that the court did not comply with the requirements of A.R.S. § 25–403. Christina has failed to file an answering brief, which we may regard as a confession of error, *see* Rule 15(c), Ariz. R. Civ.App. P., 17B A.R.S., but we are not required to do so. *See Gonzales v. Gonzales,* 134 Ariz. 437, 657 P.2d 425 (App.1982). We decline to do so here because a child's best interests are involved. *See Bugh v. Bugh,* 125 Ariz. 190, 608 P.2d 329 (App.1980).

¶3 We will not disturb a trial court's decision on child custody absent a clear abuse of discretion. *Pridgeon v. Superior Court,* 134 Ariz. 177, 655 P.2d 1 (1982). Because we find a clear abuse here, we vacate the trial court's order.

¶4 When determining custody, initially or on request for modification, a trial court must comply with § 25–403(A).[1] "In a contested custody case, the court shall make

Bays Law Firm, P.C., By P. Randall Bays, Sierra Vista, for Petitioner/Appellant.

---

*OPINION*

FLÓREZ, J.

¶1 The marriage of Liam and Christina Diezsi was dissolved in 1999. The decree of dissolution provided that the parties shared legal custody of their son, Christina having primary physical custody and Liam having

---

1.  The court shall determine custody, either

originally or on petition for modification, in

specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." § 25–403(J).

¶ 5 The trial court's order does not contain the findings required by § 25–403(J), nor does it reflect that the court considered the factors enumerated in § 25–403(A). Nor do such findings appear in the transcript of the hearing at which custody was contested. Thus, we are unable to determine that the court considered the child's best interests and the factors listed in § 25–403(A). Accordingly, the court's order is deficient as a matter of law, and the trial court abused its discretion in denying Liam's request to change custody without making the requisite findings.

¶ 6 Liam additionally contends that the trial court erred in failing to consider the rebuttable presumption in § 25–403(K) in determining the effect of Christina's misdemeanor drug conviction. Section 25–403(K) provides:

If the court determines that a parent has been convicted of any drug offense under title 13, chapter 34 or any violation of § 28–1381, 28–1382 or 28–1383 within twelve months before the petition or the request for custody is filed, there is a rebuttable presumption that sole or joint custody by that parent is not in the child's best interests. In making this determination the court shall state its:

1. Findings of fact that support its determination that the parent was convicted of the offense.

2. Findings that the custody or parenting time arrangement ordered by the court appropriately protects the child.

However, § 25–403(L) outlines how a parent may rebut the presumption. Subsection (L) requires the court to consider the parent's record of other drug offenses within the preceding five years and the results of random drug testing in a six-month period that show the parent is not using drugs.

¶ 7 In its order, the trial court stated that the presumption in subsection (K) was "quite harsh," but specifically found that neither of the two factors in subsection (L) that may rebut the presumption "was shown by the evidence." Relying on the specific language of subsection (K), the court found that the presumption was inapplicable "by its own terms" because Christina's drug conviction had been entered on May 16, 2000, some two months *after*, not within twelve months *before*, Liam had requested the change of custody.

¶ 8 We agree that the precise language in (K) that the parent's drug conviction occur "within twelve months before the petition or the request for custody is filed" precludes application of the statutory presumption in determining whether to change custody. We do not agree, however, that the trial court was free to disregard the legislative intent and public policy evident in (K), as it apparently did. Clearly, the legislature intended to give notice to a convicted parent that a trial court must consider any drug conviction entered within twelve months prior to the filing of a request to change custody. And, because that purpose is clear, it must be equally clear that a drug conviction entered even closer to the date of a custody hearing is relevant to a custody determination. More-

accordance with the best interests of the child. The court shall consider all relevant factors, including:
1. The wishes of the child's parent or parents as to custody.
2. The wishes of the child as to the custodian.
3. The interaction and interrelationship of the child with the child's parent or parents, the child's siblings and any other person who may significantly affect the child's best interests.
4. The child's adjustment to home, school and community.

5. The mental and physical health of all individuals involved.
6. Which parent is more likely to allow the child frequent and meaningful continuing contact with the other parent.
7. If one parent, both parents or neither parent has provided primary care of the child.
8. The nature and extent of coercion or duress used by a parent in obtaining an agreement regarding custody.
9. Whether a parent has complied with chapter 3, article 5 of this title.

over, the language of § 25–403(L) explicitly underscores the gravity of a recent drug conviction as a factor in determining custody.

¶ 9 Because Christina admitted at the hearing on the request to change custody that she had been convicted of a drug offense in May 2000 stemming from acts she committed in January 2000, it defies common sense for the trial court to ignore the public policy reflected in § 25–403(K) and to minimize the importance of Christina's admitted drug use a few months before Liam's request, particularly in this case in which the court had entered a decree restricting Christina's alcohol use. We reach this conclusion despite the fact that Christina's conviction was not entered "within twelve months before" Liam filed his request to change custody.

 ¶ 10 The trial court found that,

although [Christina] has used marijuana on at least two occasions since [the 1999 hearing on the petition for dissolution], there is no evidence that she violated the Court's specific order "that at no time may the minor child be in the presence of any person who has ingested any illegal substance."

The court then found that Christina was not in contempt of its order in the decree. It also noted that the circumstances surrounding the incident that had resulted in Christina's conviction indicated that the "child was not present at the time" and that no "affirmative evidence [established] that any use or possession of marijuana by [Christina] occurred while the child was in the vicinity." Even if the presumption of § 25–403(K) is "quite harsh" with respect to drug convictions entered within twelve months before a petition or request to change custody is filed, logic demands that a trial court give weight to a parent's conviction for drug use when the conviction occurs between the request for a change of custody and the hearing on the request. *Cf. State v. Estrada*, 201 Ariz. 247, 34 P.3d 356 (2001) (directing courts to construe statutes in ways

that avoid irrational result or outcome at odds with legislative intent).

¶ 11 We vacate that portion of the trial court's order of September 19, 2000, denying Liam's request for change of custody and remand this matter to the trial court with directions to make the findings required by § 25–403(J), to take into account all relevant circumstances established in prior hearings and any future hearings, and to consider and apply the public policy implications and logic undergirding § 25–403(K) and (L). In our discretion, we deny Liam's request for attorney's fees.

BRAMMER, P.J., and PELANDER, J., concur.