NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ROBIN LIN IULIANO,
*Petitioner/Appellant*,

*v.*

CARL WLOCH,
*Respondent/Appellee*.

No. 1 CA-CV 13-0638
FILED 1-29-2015

Appeal from the Superior Court in Maricopa County
No. FC2009-071109
The Honorable Michael W. Kemp, Judge

**AFFIRMED IN PART; REVERSED IN PART AND REMANDED**

COUNSEL

Law Offices of Pedro A. Simpson, PLLC, Phoenix
By Pedro A. Simpson
*Counsel for Petitioner/Appellant*

James L. Leather, PLLC, Phoenix
By James L. Leather
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Randall M. Howe and Judge Maurice Portley joined.

---

**O R O Z C O**, Judge:

¶1 Robin Lin Iuliano (Mother) appeals the family court's order modifying her parenting plan with Carl Wloch (Father) and awarding Father child support and attorney fees. For the reasons that follow, we affirm in part, reverse in part, and remand to the family court for further proceedings consistent with this decision.

## FACTS AND PROCEDURAL BACKGROUND

¶2 The parties divorced in November 2009. They agreed to share joint custody and equal parenting time of their two minor children. The parties also agreed that neither parent was entitled to spousal maintenance or child support. They further agreed that neither parent would relocate the children outside the state of Arizona without prior written approval of the other parent or a formal court order granting permission to do so.

¶3 A consent order later changed the parenting time schedule, but the children continued to reside with each parent equally pursuant to the revised schedule. The record suggests the revised schedule was necessary, at least in part, to accommodate Father's firefighter employment schedule.

¶4 Mother was terminated from her employment in July 2012. Approximately one month later, Father received a letter from Mother stating she would be relocating the children to Texas where she had job prospects. Father objected to the relocation.

¶5 After Father learned Mother purchased a home in Texas and received a purchase offer for her Phoenix residence, Father petitioned the family court for an order to show cause seeking to prevent Mother from relocating the children and requested his attorney fees. Father also requested that Mother pay child support if the court determined that the children would primarily reside with Father. The court referred the matter to Conciliation Services for mediation of the parties' child custody and parenting time issues. Mother moved to Texas and began her new job in

December 2012. Mother informed the court of her new Austin address in January 2013.

¶6 The parties waived attendance at mediation and advised the family court they had agreed to a Limited Family Assessment (Assessment) to be conducted by David McPhee, Ph.D., a behavioral health professional. The scope of Dr. McPhee's Assessment was to determine the children's best interests and to make custody recommendations and parenting time-share recommendations to the family court as it related to Mother's relocation to Texas. Based on the Assessment, Dr. McPhee recommended against the children's relocation and further recommended their primary residence should remain in Arizona with Father. Dr. McPhee also recommended the parties continue to have joint legal decision making authority on all major areas affecting the children's lives, including medical, education, religion and other related matters. Mother withdrew her request to relocate the children.

¶7 In a signed order, the family court adopted Dr. McPhee's recommendations regarding *inter alia* the children's primary residence and the parenting time schedule. The court also ordered Mother to pay Father child support in the amount of $825 per month, retroactive to December 1, 2012, and, after finding Mother had taken unreasonable positions in this matter, the court awarded Father a portion of his attorney fees in the amount of $5,000.

¶8 After the family court entered its ruling, Mother simultaneously filed a notice of appeal, objections to the court's rulings, an Arizona Rule of Family Law Procedure 85 motion to correct purported mistakes in the minute entry, and a motion for reconsideration. After the family court denied Mother's post-ruling motions, Mother did not amend or file a new notice of appeal.

¶9 We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-2101.A.1. and -120.21.A.1. (West 2015).[1]

## DISCUSSION

¶10 Mother contends the family court: (1) committed reversible legal error by stating in the Minute Entry that the purpose of the hearing was to address Father's petition opposing Mother's plan to relocate the

---

[1] Absent material revisions after the events at issue, we cite a statute's current version.

children; (2) violated Mother's due process rights because she was allowed only nineteen minutes during the three-hour hearing to present evidence and her testimony; (3) violated A.R.S. § 25-403.B. by failing to make specific findings on the record regarding the children's best interests in determining their primary residence is in Arizona with Father; (4) improperly awarded Father attorney fees because the award was not supported by the evidence; (5) ordered an improper amount of child support; and (6) erred in ordering child support payable retroactively to December 1, 2012.

¶11        Mother did not raise arguments two and four at the hearing. Instead, she raised the issues for the first time in her post-trial motions. Mother appealed the family court's post-hearing judgment and did not file her post-trial motions until several weeks later. She did not file a separate or amended notice of appeal related to the family court's denial of these motions. We therefore do not have jurisdiction to review issues outside the scope of arguments raised in Mother's notice of appeal. *See Lee v. Lee*, 133 Ariz. 118, 124, 649 P.2d 997, 1003 (App. 1982) (finding no jurisdiction to consider an argument raised after filing a notice of appeal). Thus, we do not address Mother's second and fourth arguments.

I.        Scope of Evidentiary Hearing

¶12        Mother is correct that the minute entry states: "[t]his is the time set for an Evidentiary Hearing regarding [Father's] Petition for Order to Show Cause re: 1. Prevention of Relocation of Children 2. Attorney Fees and Costs[.]" However, at the status conference where Mother withdrew her request for relocation, the court set the date for the hearing and specifically noted that the hearing's purpose would be to address parenting time, child support, and attorney fees. Mother's pre-trial statement demonstrates that she was aware of the impending hearing's scope. Therefore, the reference in the Minute Entry specifying Father's petition as the purpose for the hearing does appear, as Father contends, to be an oversight that did not prejudice Mother. Accordingly, we find no reversible error on this basis. However, we order the family court to nunc pro tunc correct the Minute Entry to accurately reflect the purpose of the hearing.

II.        Findings Regarding Children's Best Interests

¶13        We will not disturb a family court's child custody decision absent a clear abuse of discretion. *In re Marriage of Diezsi*, 201 Ariz. 524, 525, ¶ 3, 38 P.3d 1189, 1191 (App. 2002). Mother argues that the family court improperly failed to make the requisite best-interest findings set forth in A.R.S. § 25-403.B. (West 2015). We agree. The minute entry states, "[t]he

Court has considered the evidence and testimony presented and the best interests of the minor child herein[,]" but it does not list the factors it considered. Section 25-403.B. provides: "In a contested legal decision-making or parenting time case, the court shall make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child."

¶**14**      Father argues the family court complied with A.R.S. § 25-403.B. by adopting Dr. McPhee's findings listed in his Assessment. This argument fails, however, because "[t]he family court can neither delegate a judicial decision to an expert witness nor abdicate its responsibility to exercise independent judgment. The best interests of the child are for the family court alone to decide." *Nold v. Nold*, 232 Ariz. 270, 274, ¶ 14, 304 P.3d 1093, 1097 (App. 2013) (internal citation and quotations omitted). By adopting Dr. McPhee's findings, the family court relinquished its duty to determine the best interests of the child and therefore abused its discretion. *See id.* Thus, we vacate the order and remand this case to the family court to make findings on the record consistent with the requirements of A.R.S. § 25-403.B.

III.    Child Support

¶**15**      Mother argues the amount of child support she was ordered to pay constitutes reversible error because the court erroneously attributed 80 days of parenting time to her instead of the 140 days[2] Dr. McPhee recommended. Mother also argues that the family court erred by not permitting her to admit evidence of her daycare expenses and by miscalculating her monthly income.

¶**16**      We will uphold a family court's child support award absent an abuse of discretion, but we review de novo the interpretation of the Arizona Child Support Guidelines. *Walsh v. Walsh*, 230 Ariz. 486, 490, ¶ 9, 286 P.3d 1095, 1099 (App. 2012). "A court abuses its discretion if it commits an error of law in reaching a discretionary conclusion, it reaches a conclusion without considering the evidence, it commits some other substantial error of law, or the record fails to provide substantial evidence to support the trial court's finding." *Id.* (quoting *Flying Diamond Airpark, LLC. v. Meienberg*, 215 Ariz. 44, 50, ¶ 27, 156 P.3d 1149, 1155 (App. 2007)).

---

[2]      Mother's opening brief claims she is entitled to 140 days, but her reply brief claims she is entitled to 121.5 days.

¶17         The family court adopted Dr. McPhee's parenting time plan, which gave Mother custody during the children's fall break, spring break, half of winter break, and summer break, with the exception of the first three days after school ends, the final week before school begins, up to four weeks of vacation with Father, and up to seven days each month if spent with the children in Arizona. Mother testified that she intended to visit Arizona six times for seven days each time, amounting to forty-two parenting days each year. While Dr. McPhee's report does not indicate how many parenting days mother is entitled to under his plan, we presume that the forty-two days in Arizona in conjunction with the children's fall break, spring break, winter break, and summer break amount to more than eighty parenting days.

¶18         The record does not support the family court's allocation of eighty parenting days, and we find the family court erred in applying the Arizona Child Support Guidelines in assessing Mother's child support obligation as a result. *See* A.R.S. § 25-320.11. (West 2015). Moreover, we cannot determine how the family court calculated Mother's visitation days. Thus, we remand this issue to the family court to reassess Mother's child support obligation based on the number of parenting time days Mother has the children. Moreover, Mother may submit evidence of her daycare expenses and income during those proceedings.

IV.     Retroactive Child Support

¶19         Mother contends the earliest possible date of the retroactive child support order is June 1, 2013, the first day of the month following the status conference where she withdrew her request for relocation, and according to her, the parties stipulated to litigate the child support issue. Mother's argument is not supported by the record.

¶20         In relevant part, A.R.S. § 25-327.A. (West 2015) provides:

> [T]he provisions of any decree respecting maintenance or support may be modified or terminated only on a showing of changed circumstances that are substantial and continuing . . . . Modifications and terminations are effective on the first day of the month following notice of the petition for modification or termination[.]

In Father's September 2012 petition challenging Mother's stated intent to relocate the children, he sought child support in the event the court determined the children would primarily reside with him. Mother responded to the petition in October 2012, indicating she had notice of

Father's petition. Mother concedes that her move to Texas in November 2012 "was the event that would trigger a requisite change in circumstances." Accordingly, because Mother moved to Texas in November 2012 after she had notice Father was seeking child support, the family court, pursuant to § 25-327.A., properly ordered Mother's child support payments retroactive to December 1, 2012.

V.      Attorney Fees

**¶21**            On appeal, both parties request their reasonable attorney fees. In the exercise of our discretion, we deny both parties' requests pursuant to Arizona Rule of Appellate Procedure 21.

## CONCLUSION

**¶22**            We vacate the family court's order modifying the parties' parenting time and child support order and remand for further proceedings consistent with this decision. We, however, affirm that a proper child support order may be retroactively applied to December 1, 2012.



Ruth A. Willingham · Clerk of the Court
FILED : ama