NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

APRIL M. ZIMMERMAN, *Petitioner/Appellee*,

*v.*

ERIC M. ZIMMERMAN, *Respondent/Appellant*.

No. CV 14-0756 FC
FILED 9-29-2015

Appeal from the Superior Court in Maricopa County
No. FC2012-002486
The Honorable Michael J. Herrod, Judge

**AFFIRMED IN PART, REVERSED IN PART; REMANDED**

COUNSEL

Riggs Ellsworth & Porter, PLC, Mesa
By Paul C. Riggs, Spencer T. Hale
*Counsel for Respondent/Appellant*

Scott L. Patterson, PLLC, Tempe
By Scott L. Patterson
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

---

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Lawrence F. Winthrop joined.

---

**P O R T L E Y**, Judge:

¶1        Eric Zimmerman ("Father") appeals an order denying his petition to amend legal decision-making, parenting time, and child support. For the following reasons, we affirm in part and reverse in part.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2        Father was divorced from April Zimmerman ("Mother") in Texas on January 8, 2010. In the final decree, Mother was designated as the sole managing conservator of their four children.[1] The decree also established Father's parenting time and monthly child support.[2] Sometime later, each parent moved to Arizona, and Mother domesticated the Texas decree in Maricopa County in March 2012. She subsequently allowed Father to have more parenting time, but a few months after Father exercised the additional parenting time, one of the children started experiencing anxiety. Mother thereafter limited Father's parenting time to the schedule listed in the Texas decree.

¶3        Father then filed a petition to amend legal decision-making, parenting time, and child support. After discovery and an evidentiary hearing, the family court denied the petition and affirmed the original Texas decree. The family court also awarded Mother attorney's fees. Father appealed, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2).[3]

---

[1] This is comparable to Arizona's sole legal decision-making. *See generally*, Anne E. Melley, *Types of Conservatorship Arrangements*, 4 Tex. Fam. L. Serv. § 29:12 (2007).

[2] Although Father asserts that the monthly child support included spousal maintenance, the decree labeled the entire amount as child support.

[3] We cite the current version of the statute unless otherwise noted.

## DISCUSSION

### I. Standard of Review

**¶4** "'We review the [family] court's decision regarding child custody for an abuse of discretion.'" *Hurd v. Hurd,* 223 Ariz. 48, 51, ¶ 11, 219 P.3d 258, 261 (App. 2009) (quoting *Owen v. Blackhawk,* 206 Ariz. 418, 420, ¶ 7, 79 P.3d 667, 669 (App. 2003)) (alterations in *Hurd*). "An abuse of discretion exists when the [trial] record, viewed in the light most favorable to upholding the [family] court's decision, is devoid of competent evidence to support the decision." *Little v. Little,* 193 Ariz. 518, 520, ¶ 5, 975 P.2d 108, 110 (1999) (internal citation and quotation marks omitted). We do not reweigh the evidence, however, because the family court is better situated to determine the facts and the credibility of witnesses. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.,* 207 Ariz. 43, 47, ¶ 8, 83 P.3d 43, 47 (App. 2004); *Gutierrez v. Gutierrez,* 193 Ariz. 343, 347–48, ¶ 13, 972 P.2d 676, 680–81 (App. 1998).

### II. Legal decision-making and parenting time

**¶5** Father contends that the family court abused its discretion by failing to make specific findings about the children's best interests when denying his request to modify the existing legal decision-making and parenting-time orders. We disagree.

**¶6** When making or modifying a custody or legal decision-making determination, the family court must consider and make best interests findings based on factors listed in A.R.S. § 25–403(A) relating to the child's physical and emotional well-being. *See* A.R.S. §§ 25-403(B), -403.01, -411(A); *Baker v. Meyer*, 237 Ariz. 112, 116, ¶¶ 10-11, 346 P.3d 998, 1002 (App. 2015). Moreover, when determining whether to grant sole or joint legal decision-making, the court not only considers the § 25-403 factors, but also four factors in § 25-403.01(B):

> 1. The agreement or lack of an agreement by the parents regarding joint legal decision-making.
>
> 2. Whether a parent's lack of an agreement is unreasonable or is influenced by an issue not related to the child's best interests.
>
> 3. The past, present and future abilities of the parents to cooperate in decision-making about the child to the extent required by the order of joint legal decision-making.

3

4. Whether the joint legal decision-making arrangement is logistically possible.

¶7 And when a court creates or modifies a parenting plan, the plan must include:

1. A designation of the legal decision-making as joint or sole as defined in § 25-401.

2. Each parent's rights and responsibilities for the personal care of the child and for decisions in areas such as education, health care and religious training.

3. A practical schedule of parenting time for the child, including holidays and school vacations.

4. A procedure for the exchanges of the child, including location and responsibility for transportation.

5. A procedure by which proposed changes, . . . disputes and alleged breaches may be mediated or resolved, which may include the use of conciliation services or private counseling.

6. A procedure for periodic review of the plan's terms by the parents.

7. A procedure for communicating with each other about the child, including methods and frequency.

8. A statement that each party has read, understands and will abide by the notification requirements of § 25-403.05, subsection B.

A.R.S. § 25-403.02(C).

¶8 In resolving Father's petition, the family court acknowledged the relevant statutory requirement, and then listed and discussed each of the § 25–403 factors. In fact, the court made specific findings and explained its reasons regarding the relevant statutory factors and the children's best interests. Accordingly, the court made adequate best interests findings under A.R.S. § 25–403. *See Owen*, 206 Ariz. at 421-22, ¶ 12, 79 P.3d at 670-71; *In re Marriage of Diezsi*, 201 Ariz. 524, 525-26, ¶ 4, 38 P.3d 1189, 1191 (App. 2002).

¶9        Additionally, in resolving Father's request to modify the legal decision-making order, the court considered and discussed each of the § 25–403.01 factors.  Although the ruling implicitly noted that there was no agreement about joint legal decision-making, *see* A.R.S. § 25–403.01(B)(1), the court found that "when conflict has been increased, Mother and Father are less able to cooperate effectively in decision-making."  *See* A.R.S. § 25-403.01(B)(3).  The court also noted that "[i]t is unclear whether the present level of conflict can be reduced sufficiently to allow joint legal decision-making."  *See* A.R.S. § 25-403.01(B)(4).

¶10       Finally, the court's parenting plan included each of the required elements.  *See* A.R.S. § 25-403.02(C).  Therefore, the court sufficiently considered the statutory factors, and we find no abuse of discretion.

## III.    Child support

¶11       Father also asserts that the family court erred because there was a change in circumstances that justified modifying the amount set forth in the Texas child support award.  A modification of child support may be warranted when there is "[a] substantial variance between an existing child support order and an amount resulting from application of the new guidelines . . . ."  A.R.S. § 25-320 app. § 29(B) (2015) ("Guidelines").  "A variance of at least 15% would be evidence of a substantial and continuing change of circumstances."  *Id.*  A child support order can only be modified if the party seeking the modification demonstrates a substantial and continuing change in circumstances.  A.R.S. § 25–327(A); *Jenkins v. Jenkins*, 215 Ariz. 35, 39, ¶ 16, 156 P.3d 1140, 1144 (App. 2007) (citations omitted).  "The decision to modify an award of child support rests within the sound discretion of the [family] court and, absent an abuse of that discretion, will not be disturbed on appeal."  *Little,* 193 Ariz. at 520, ¶ 5, 975 P.2d at 110.

¶12       The testimony presented at the evidentiary hearing demonstrated a substantial and continuing change of circumstances that required the family court to consider modifying child support.  First, both parties have relocated to Arizona.  Second, Father's monthly income increased from $7,947 to $10,833.  And third, Mother had part-time employment.

¶13       After the court denied Father's modification petition, he filed a motion to alter or amend the court's order and attached two child support worksheets.  He asserted that based on the worksheets, the child support award should be $735.95, if both parents were the primary residential

parents, or $1,490.62, if mother was the primary residential parent. Both of Father's worksheets, however, reduced his income because he is now supporting four stepchildren. Although it is laudatory that Father is supporting his stepchildren, that support cannot be considered when determining Father's obligation to support his own children or when modifying child support. *See* Guidelines § 2(D) ("A parent's legal duty is to support his or her natural or adopted children. The 'support' of other persons such as stepchildren . . . is deemed voluntary and is not a reason for an adjustment in the amount of child support determined under the guidelines.").

**¶14**        Although Mother did not seek an increase in child support based on Father's increased income, Father requested a modification and renewed his request by filing a motion to amend the court's order. Because the record demonstrates a substantial and continuing change from the 2010 divorce, the family court was required by the Guidelines to examine the gross income of both parents, even if the court has to impute full-time income to Mother at minimum wage, along with the other relevant factors, to determine whether there has been at least a 15% variance between the Texas child support order and the Arizona Child Support Guidelines. *See* Guidelines § 29(B). If, after the calculation, modification is warranted, the child support award should be modified unless the court makes specific findings to support a deviation, even if it maintains the current award. *See* Guidelines § 20.

**¶15**        In resolving the child support modification, the family court did not determine whether there was a 15% variance. The court was required to "run the numbers" to determine what the support should have been and then determine whether a deviation was appropriate by listing specific findings. Accordingly, we reverse the order denying any child support modification, and remand to allow the court to consider all the relevant factors under the Guidelines.

## IV.    Attorney's fees

**¶16**        Finally, Father contends that the family court erred by awarding Mother attorney's fees. Specifically, Father asserts that the court did not make proper findings or consider that Mother receives student loans. We disagree.

**¶17**        We review an award of attorney's fees pursuant to § 25–324 for an abuse of discretion. *In re Marriage of Pownall,* 197 Ariz. 577, 583, ¶ 26, 5 P.3d 911, 917. Here, after briefing, the court granted Mother $25,000 in

attorney's fees. Father requested specific findings about the attorney's fees, and the court made specific findings. The court was aware of the reasonableness of the positions the parties took throughout the proceedings as well as their financial circumstances. We find no abuse of discretion in the attorney's fee ruling.

¶18        Both parties request attorney's fees and costs on appeal. After considering the parties' financial resources and the reasonableness of their positions on appeal, in the exercise of our discretion, we deny both parties request for attorney's fees and costs on appeal.

## CONCLUSION

¶19        For the following reasons, we affirm the family court's order denying Father's petition to amend legal decision-making, parenting time, but reverse the child support ruling and remand for a recalculation and determination of child support.



Ruth A. Willingham · Clerk of the Court
FILED: ama