NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

SCOTT HULL, *Petitioner/Appellant*,

*v.*

DARCY WESLEY, *Respondent/Appellee*.

No. 1 CA-CV 15-0640 FC
FILED 5-19-2016

Appeal from the Superior Court in Maricopa County
No. FC2014-093174
The Honorable Theodore Campagnolo, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Davis Miles McGuire Gardner, Tempe
By Douglas C. Gardner, Karl T. Scholes
*Counsel for Petitioner/Appellant*

Atchley & Delgado LLP, Mesa
By Michael G. Delgado
*Co-Counsel for Respondent/Appellee*

The Law Office of Kyle T. Green, PLLC, Mesa
By Kyle Green
*Co-Counsel for Respondent/Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judges Randall M. Howe and Andrew W. Gould joined.

_____

**J O H N S E N**, Judge:

¶1          Scott Brian Hull ("Father") appeals from an order awarding joint legal decision-making authority to him and Darcy Wesley ("Mother"), appointing Mother's parents to supervise her parenting time, and ordering Mother to pay him no child support.  For the reasons stated below, we affirm the order in part and vacate and remand in part.

**FACTS AND PROCEDURAL BACKGROUND**

¶2          The parties are the unwed parents of a child born in 2014. Initially, the parties stipulated to joint legal decision-making, and because they lived together, they agreed to share physical custody and not pay child support.  Before her pregnancy, Mother suffered serious back injuries and was prescribed various pain medications, which she continued to take during pregnancy.  As a result, the child was born addicted to the pain medications and experienced withdrawal and other complications after birth.

¶3          Shortly after the child was born, at the urging of the medical staff and social services, Father successfully petitioned for emergency sole legal decision-making and supervised parenting time for Mother to occur at his house.  Father simultaneously sought to modify the stipulated legal decision-making, parenting time, and child support orders.  After a hearing on Father's emergency petition, the court affirmed the temporary orders, ordered Mother to submit to weekly random drug tests, and "ordered that Mother shall immediately avail herself to counseling and rehabilitation treatment."

¶4          One year passed before the court held an evidentiary hearing on Father's petition to modify legal decision-making, parenting time and child support.  Following the hearing, the court ordered the parties to share joint legal decision-making authority and set forth a detailed parenting time plan, conditioned on Mother's participation in substance-abuse classes and psychological counseling.  At first, Mother's limited parenting time was to

be supervised by her parents. Mother's parenting time would become unsupervised and gradually increase in amount starting January 1, 2016, if she continued substance-abuse classes and counseling. After applying the self-support reserve test in the Child Support Guidelines, *see* Arizona Revised Statutes ("A.R.S.") section 25-320 app. § 15 (2016) ("Guidelines"), the court did not order Mother to pay any child support.[1]

¶5         Father filed a timely notice of appeal; we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) (2016).

## DISCUSSION

### A.     Legal Decision-Making and Parenting Time.

¶6         Father contends that, presented with evidence that Mother abused drugs, the superior court failed to properly apply the presumption against joint legal decision-making set forth in A.R.S. § 25-403.04 (2016). He further argues the evidence does not support the award of joint legal decision-making. We review the court's legal decision-making and parenting time rulings for an abuse of discretion. *In re Marriage of Diezsi,* 201 Ariz. 524, 525, ¶ 3 (App. 2002).

¶7         Section 25-403.04(A) creates a rebuttable presumption that it is contrary to a child's best interests to award sole or joint legal decision-making authority to a parent who has abused drugs or alcohol within 12 months before filing of the petition or request for legal decision-making or parenting time. In determining whether the presumption has been rebutted, the court "shall consider, at a minimum," whether the parent has been convicted of a drug offense within the past five years, the "[r]esults of random drug testing for a six month period that indicate that the person is not using" illegal drugs and the results of alcohol or drug screening. *See* A.R.S. § 25-403.04(B). Father contends the evidence and the court's findings do not support the conclusion that Mother rebutted the presumption.

¶8         The court found Mother had a substance-abuse problem and was possibly addicted to her prescription pain medications and other non-prescription drugs. The evidence supports the court's finding that random drug tests conducted between the child's birth and the time of trial showed the presence of alcohol, opiates, amphetamines and other prescription drugs. There also was evidence that Mother stole prescription drugs from family members, refilled one prescription twice, presented a "highly

---

[1]         Absent material revision after the relevant date, we cite the current version of a statute unless otherwise stated.

suspicious story" regarding kidney pain at an emergency room and drank alcohol while taking prescription pain medication despite direct warnings from medical professionals not to do so. The court also considered Mother's prior arrests for driving under the influence, and found that although she was not convicted of driving under the influence, it was concerned that she admitted drinking while driving and after taking prescription pain medication.[2]

¶9        Father contends Mother did not rebut the presumption against joint legal decision-making because she did not show that she tested clean for a six-month period and, in fact, she continues to have positive drug screens. Section 25-403.04(B), however, requires only that the court "consider" evidence of the drug test and screening results. The statute does not require that test results dictate the court's decision. Mother has been prescribed pain medications to manage an undisputed history of chronic back pain; therefore, positive results for these narcotics would not be unexpected. Father argues the drug tests revealed that Mother was drinking alcohol, but the court also heard evidence that Mother attended substance abuse counseling and Alcoholics Anonymous sessions after the court ordered her to "avail herself to counseling and rehabilitation treatment" in July 2014. The court properly considered these facts in addition to the drug test results when determining whether Mother rebutted the presumption against joint legal decision-making.

¶10        Finally, the court conditioned Mother's parenting time on her continued participation in substance abuse classes and counseling. The court also imposed supervised parenting time initially and the record does not indicate any subsequent problems with Mother's compliance with the schedule the court ordered. Father also retained final decision-making

_____

[2]        Father argues the court erred by finding that he testified Mother completed a 45-day stay in a rehabilitation center. The court found, "Father testified that he and the paternal grandfather took Mother to a rehabilitation center because she was having drug withdrawal symptoms, where she stayed for approximately 45 days." Although this finding misstates Father's testimony, it is based on facts in the record: Mother did attend a 45-day rehabilitation program in 2010 and Father did take Mother to a three-day detox program at Community Bridges in July 2014. Thus, the mistake does not warrant reversal.

authority for all major issues if the parties were unable to reach an agreement after a good-faith effort.[3]

**¶11** The court cited A.R.S. § 25-403.04 in its order, and its findings and conclusions demonstrate the court gave careful consideration to the evidence of Mother's drug and alcohol use, and that it carefully weighed that evidence against evidence Father offered in support of his request for sole legal decision-making. The statutes give the superior court discretion to determine the degree of protection warranted in a particular case, and absent an abuse of that discretion, we will not substitute our judgment on appeal. The restrictions the court placed on Mother's parenting time and Father's final decision-making authority satisfy the statutory requirement that the court's orders must appropriately protect the child. *See* A.R.S. § 25-403.04(A)(2). We find no abuse of discretion and affirm the order for joint legal decision-making.

**¶12** Father also argues the court abused its discretion in allowing Mother's parents to supervise her parenting time. Pursuant to the superior court's order, Mother's parenting time became unsupervised as of January 1, 2016. Nothing in the record indicates Father sought continued supervised parenting time beyond that date. Therefore, this issue is now moot.

**B. Child Support.**

**¶13** The court concluded Mother should not pay child support at this time because she had a negative income after applying the self-support reserve test. *See* Guidelines § 15. We review child support awards for an abuse of discretion. *Engel v. Landman,* 221 Ariz. 504, 510, ¶ 21 (App. 2009).

---

[3] In denying Father's request for sole legal decision-making authority, the court also noted that Father knew of Mother's substance abuse problem when he agreed to joint legal decision-making and did not seek sole legal decision-making until after he was told he could not take the child home from the hospital unless he did so. The record supports these findings. Father contends the court could not take his conduct into account in determining whether Mother overcame the presumption against joint legal decision-making. Section 25-403.04(B) does not restrict the evidence a court may consider in deciding whether the presumption has been rebutted. Thus, the court did not abuse its discretion in considering Father's actions along with the evidence concerning Mother.

**¶14**        Father argues the superior court abused its discretion in finding Mother's monthly income was $823.  He argues this finding is contrary to the evidence and the statutory presumption that a parent is capable of working full-time at minimum wage.  *See* A.R.S. § 25-320(N) (2016).  At oral argument, Mother conceded the court's child support order is incorrect.  Accordingly, we vacate and remand the ruling concerning child support.

**¶15**        Father also contends the court erred by failing to give him credit for the health insurance and day-care costs he incurs for the child. On remand, the superior court should consider whether evidence of Father's insurance and day-care costs affect a proper recalculation of child support.[4]

**C.        Attorney's Fees on Appeal.**

**¶16**        Both parties request an award of attorney's fees and costs on appeal pursuant to A.R.S. § 25-324 (2016).  In the exercise of our discretion, we deny the requests for an award of fees to either party.  As the successful party, Mother is entitled to an award of costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.  *See* A.R.S. § 12-342 (2016).

---

[4]        We note the superior court used the 2015 Guidelines, which apply to actions filed after June 30, 2015.  *See* Guidelines § 15 (2015).  However, because this action was filed on July 18, 2014, the 2011 Guidelines apply.

**CONCLUSION**

**¶17**       We affirm the superior court's order granting joint legal decision-making parenting time but vacate and remand its order concerning Father's request for child support.

