NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

LONNY BRITTNER, *Petitioner/Appellant,*

*v.*

MICHELLE RAE BULLOCK, *Respondent/Appellee.*

No. 1 CA-CV 18-0364 FC
FILED 6-4-2019

Appeal from the Superior Court in Maricopa County
No. FC2013-091993
The Honorable Rodrick Coffey, Judge

**AFFIRMED**

COUNSEL

Warnock MacKinlay Law, PLLC, Mesa
By James N. MacKinlay
*Counsel for Respondent/Appellee*

Lonny Brittner, Phoenix
*In propria persona*

<hr />

## MEMORANDUM DECISION

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Peter B. Swann joined.

<hr />

**T H O M P S O N**, Judge:

¶1        Lonny Brittner (father) appeals from the family court's judgment as to child support arrearages, medical reimbursement, past attorneys' fees, and denial of his petition to modify child support and parenting time. Finding no error, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2        This is a high-conflict domestic relations matter. Father and Michelle Rae Bullock (mother) were married in 1993 and together had four children. Father filed a petition for dissolution in 2013 and eventually mother was awarded sole physical custody and legal decision making of their three minor children. The court imputed $80,000 a year in income to father and child support was awarded in the amount of $1303. The child support obligation did not allocate the $1303 as between the three underage children. The court calculated that father had underpaid temporary child support and would have an arrearage. Mother was awarded mother attorneys' fees after the court found father had a significantly higher income and had acted unreasonably during the litigation.

¶3        In 2017, father petitioned the court for modification of legal decision making, parenting time and child support. Mother filed a combined response and motion for judgment on past due child support, spousal maintenance, attorneys' fees, and unreimbursed medical expenses. An evidentiary hearing was held in which mother, father, two of father's children, and two therapists testified.

¶4        The court awarded mother $11,203.78 in child support arrearages, $7,224.43 in unreimbursed medical expenses, $8,000 in unpaid prior attorneys' fees, and $3,275 in attorneys' fees for the current matter. Father timely appealed.

## DISCUSSION

¶5        Father, acting pro per, challenges the denial of his motion for modification of child support payments, the denial of his request for modification of parenting time and legal decision making, and the order directing him to pay for certain medical reimbursement.   Father does not raise issues related to either of the awards of attorneys' fees.

### A.  Child Support

¶6        A child support order may be modified "only on a showing of changed circumstances that are substantial and continuing."   Ariz. Rev. Stat. (A.R.S.) § 25-327(A) (2019)[1]; *Little v. Little*, 193 Ariz. 518, 520-21, ¶ 6 (1999).  The decision to modify a child support order is within the discretion of the court, and we will not disturb that decision absent an abuse of discretion. *Little*, 193 Ariz. at 520, ¶ 5.  The court abuses its discretion "when the record, viewed in the light most favorable to upholding the trial court's decision, is 'devoid of competent evidence to support' the decision." *Id.* (internal citation omitted).

¶7        At the evidentiary hearing, the court heard from six witnesses. No evidence was presented as to father's or mother's income or expenses. Father asserted that he had filed a contemporaneous financial disclosure form, but the record does not support that assertion.  The most recent financial information is from the 2015 trial where the trial court imputed $80,000 in annual income to father.   Two key factors in the determination of child support are the needs and resources of the children and both parents. *See* A.R.S. § 25-320(D) (2019).

¶8         Father failed to provide evidence to support a claim of substantial and continuing change of circumstances.  We find this to be the case even though the court had evidence which conclusively indicated that two of the minors had-or would soon-reach their majority. *See Guerra v. Bejarano*, 212 Ariz. 442, 445, ¶¶ 13-15 (App. 2006).  Pursuant to A.R.S. § 25–320, our supreme court has established guidelines for the determination of child support.  Guideline § 25, of the Arizona Child Support Guidelines directly addresses the situation at hand:

> If child support for more than one child was ordered under
> these guidelines and thereafter the duty to support one of the

---

[1] We cite to the current version of the statute unless the statute was amended after the pertinent events and such amendment would affect the result of this appeal.

children stops, the order is not automatically reduced by that child's share. To obtain a modification to the child support order, a request must be made in writing to the court to recalculate the child support obligation pursuant to these guidelines.

The court needs income information in order to determine the appropriate amount of child support. Father failed to comply with the requirement of Arizona Rules of Family Law Procedure, Rule 91(g), in support of his request for modification. Father does not even assert in his appeal that he did not meet that requirement. There being no such evidence, the decision of the family court is affirmed as to child support.

¶9 Father did not specifically challenge the arrearages award other than to indicate that there had not been sufficient time allocated for him to present all of his issues. We note that the parties were each allocated one and one-half hours and the judge allowed father to use time in excess of that amount. The parties determined how to allocate their time.

¶10 Father called four witnesses, including two therapists who were called primarily to discuss the areas of alienation and reunification. Those therapists' testimony was largely irrelevant as they had not seen the parties or their children recently. Dr. Christiano had not seen either the parties or the children since he wrote his report prior to the dissolution trial. Dr. Childress wrote a report in 2015 and had no opinion as to custody or parenting time going forward or a specific course of action. Under the Arizona Rules of Family Law Procedure, the family court has considerable discretion in imposing reasonable time limits on proceedings. Ariz. R. Fam. Law P. 22, 77(B)(1). We find nothing in the record to indicate the court abused its discretion in allocating three hours for this hearing. Likewise, we find no abuse of discretion as to the child support arrearages award.

### B. Parenting Time and Decision Making

¶11 Next, we review father's request for additional parenting time and to modify decision making. In his motion he asserted that the court should undertake to aggressively increase his parenting time and award him legal decision-making authority due to mother's alleged lack of good faith participation and his estrangement from his children. Two of father's daughters testified. They attributed father's emotional estrangement to his own behaviors including, but not limited to, installing video cameras around the house and wearing one around his neck during his interactions with them, taking the doors off of their bedrooms and the bathroom, calling

the police on them for insignificant matters, and generally being very controlling. The daughters testified as to their younger sister's extreme discomfort and fear of being with her father.

¶12     We review child custody determinations under an abuse of discretion standard. *Owen v. Blackhawk*, 206 Ariz. 418, 420, ¶ 7 (App. 2003). Before the family court can change a previous custody order, it must determine that there has been a material change in circumstances affecting the welfare of the child. *Canty v. Canty*, 178 Ariz. 443, 448 (App. 1994). The court has broad discretion in making this determination, and we will not disturb its decision absent a clear abuse of discretion. *Id.; In re Marriage of Diezsi*, 201 Ariz. 524, 525, ¶ 3 (App. 2002). Finding no abuse of discretion in the denial of father's motion for increased parenting time and legal decision-making authority, the family court is affirmed.

### C. Medical Reimbursement and Prior Attorneys' Fees

¶13     Father does not raise issues related to the attorneys' fees awarded to mother. As to medical reimbursement mother testified— contrary to father's assertion--that she had timely submitted the information to father either or both as certified mail or email. [RT at 123, 154] Documents supporting her claims were introduced into evidence. [Exh 29-31] Although father asserted he had not received the receipts or had not received them as required by the decree, the court did not find him credible. "[T]he trial court is in the best position to judge the credibility of the witnesses, the weight of evidence, and also the reasonable inferences to be drawn therefrom." *Goats v. A.J. Bayless Mkts., Inc.*, 14 Ariz. App. 166, 171 (App. 1971). There being evidence in the record to support the court's conclusion, we affirm.

### ATTORNEYS' FEES

¶14     Mother requests attorneys' fees on appeal pursuant to A.R.S. § 25-324 (2019). Attorneys' fees are awarded to mother, in an amount to be determined upon compliance with ARCAP 21.

## CONCLUSION

¶**15**     For the above stated reasons, the family court is affirmed in all respects.



AMY M. WOOD • Clerk of the Court
FILED:  AA