NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

GREGORY FREDERICK STEVENS,
*Petitioner/Appellee*,

v.

JENNIFER MICHELLE STEVENS,
*Respondent/Appellant*.

No. 1 CA-CV 21-0726 FC
FILED 9-22-2022

Appeal from the Superior Court in Maricopa County
No.  FC2019-054227
The Honorable Scott A. Blaney, Judge

**AFFIRMED**

COUNSEL

Rose Law Group PC, Phoenix
By Kaine R. Fisher, Audra Petrolle
*Counsel for Petitioner/Appellee*

Your AZ Lawyer, Phoenix
By Sarah J. Michael, Robert Ian Casey
*Co-Counsel for Respondent/Appellant*

Rachel Frazier Johnson Law, Phoenix
By Lauren A. Bostick
*Co-Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Randall M. Howe and Judge D. Steven Williams joined.

---

**W E I N Z W E I G**, Judge:

**¶1**　　　　Jennifer Stevens ("Mother") appeals the family court's orders on legal decision-making and parenting time. We lack jurisdiction over her appeal of legal decision-making, but have jurisdiction over her appeal of parenting time and affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　Mother and Gregory Stevens ("Father") married in 2004 and share two minor children, born in 2006 and 2008. Mother moved to North Carolina with the children in June 2019. She never told Father about her plans or sought his consent. Father petitioned to dissolve the marriage in July 2019. Less than two weeks later, Mother obtained an order of protection against Father from the Maricopa County Superior Court, which covered her and the children. She told the court that she moved to North Carolina because Father became "violent and aggressive" when intoxicated. The court "permitted Mother to remain in North Carolina with the children on a temporary basis pending receipt of further evidence to support Mother's abuse claims." Father contested the order of protection, and the court removed the children from the protective order.

**¶3**　　　　The court held an evidentiary hearing in October 2021 and issued a dissolution decree in November, ordering the parents to share joint legal decision-making authority and designating Father as the primary residential parent. The court awarded Mother parenting time of one weekend per month, plus weekly telephone and video calls. It found that

2

Father "is a fit parent who has not abused his children," and that he made "credible allegations that Mother has intentionally alienated the children from him." The court found living with Father was in the children's best interests because "they will have both of their parents active in their lives" and "if the children continue to live with Mother in North Carolina, they will continue to reject Father and Father's family with Mother's tacit approval—if not her encouragement—and will only have one parent active in their lives."

¶4　　　　Mother timely appealed the dissolution decree. Just weeks later, however, Father petitioned the family court for an order to show cause because Mother refused to release physical custody of the children to Father. Father asked the court to enforce the decree, hold Mother in contempt and award him sole legal decision-making authority.

¶5　　　　After an evidentiary hearing in December 2021, the court found Mother in contempt and directed that Father "have immediate physical custody" of the children. The court ordered Mother to "undergo a mental health evaluation," and entered a temporary order that Father have final legal decision-making authority, but left Mother's parenting time unchanged.

¶6　　　　The court also set an evidentiary hearing to resolve Father's request for sole legal decision-making authority, but the parties entered a Rule 69 agreement to resolve the issue, so the hearing was vacated. The Rule 69 agreement awarded the parties "joint legal decision-making authority over all major legal decisions involving the children, with Father having presumptive final decision-making authority, on a final basis," and confirmed that "[a]ll prior standing Court Orders . . . shall remain in full force and effect." Mother and Father also agreed that "Mother's appeal shall continue to be adjudicated by the Court of Appeals in due course." Our jurisdiction on appeal is limited to Mother's challenge of the family court's parenting time ruling, *see* A.R.S. § 12-2101(A)(2), because Mother never appealed the Rule 69 judgment. *See* Ariz. R. Fam. Law P. ("ARFLP") 69(c).

**DISCUSSION**

### I.　　Legal Decision-Making

¶7　　　　Mother first challenges the family court's ruling on legal decision-making from the original dissolution decree issued in November 2021. But the parties then entered a Rule 69 agreement during this appeal. A Rule 69 agreement is a final appealable judgment. *See* ARFLP 69(c) (An

3

agreement under Rule 69 "is presumed valid, and a party who challenges the validity of an agreement has the burden to prove any defect in the agreement"). Mother never appealed the Rule 69 agreement, which modified and superseded the dissolution decree on legal decision-making authority. We lack jurisdiction.

## II. Parenting Time

**¶8** Mother argues the family court erred by granting Father parenting time with the children and designating Father the primary residential parent. We review the parenting time ruling for an abuse of discretion, accepting the court's factual findings unless clearly erroneous, but reviewing any questions of law de novo. *See In re Marriage of Diezsi*, 201 Ariz. 524, 525, ¶ 3 (App. 2002); *Birnstihl v. Birnstihl*, 243 Ariz. 588, 590-91, ¶ 8 (App. 2018).

**¶9** Mother contends the court abused its discretion when it found the children's best interests mandated Father enjoy substantial parenting time. We reject her argument. The record has ample evidence to support the court's order. Father had been close with the children. He coached their sports teams and volunteered at their school. Mother moved the children to North Carolina without seeking or obtaining Father's consent; and, ever since, Mother has worked to estrange Father from the children. After Mother fled, the children told Father over the telephone that "we do not love you anymore," "God wants us to live in North Carolina" and "God says to tell you we do not love you."

**¶10** The superior court found that Mother presented no credible evidence of past domestic violence at the evidentiary hearing. She presented no police reports, medical reports, DCS reports or school records to prove domestic violence. She presented no witnesses to verify her allegations. We neither reassess credibility nor reweigh evidence on appeal. *See Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009).

**¶11** Lastly, Mother argues the family court ignored the children's opinions. Not so. The court considered and rejected them. The record had ample evidence that Mother either influenced or controlled the children's preferences.

## CONCLUSION

**¶12** We lack jurisdiction over Mother's appeal of the family court's legal decision-making order but affirm its parenting time order. After considering the financial resources of both parties and the

reasonableness of their positions, we also grant Father's request for attorney fees on appeal under A.R.S. § 25-324, along with his costs, contingent on compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA