NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

HEIDI HUNTER, *Plaintiff/Appellee,*

*v.*

SZILVIA BARNA, *Defendant/Appellant.*

No. 1 CA-CV 22-0307

FILED 01-24-2023

Appeal from the Superior Court in Maricopa County
No. CV2022-050682
The Honorable Mary Collins Cronin, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Szilvia Barna, New River
*Defendant/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Cynthia J. Bailey and Vice Chief Judge David B. Gass joined.

**T H U M M A**, Judge:

**¶1**        Defendant Szilvia Barna appeals from the grant of plaintiff Heidi Hunter's petition for an injunction against harassment. Because Barna has shown no error, the injunction is affirmed.

## FACTS AND PROCEDURAL HISTORY

**¶2**        Barna and Hunter are neighbors in New River, Arizona, and share a water well that has caused significant strife. In November 2021, Hunter sued Barna, alleging contract breaches related to the well, harassment, fraud and other claims. That 2021 case remains pending.

**¶3**        In January 2022, on behalf of Barna and her children, Barna's husband filed a petition for an injunction against harassment against Hunter, which was dismissed before resolution. Then, in March 2022, Hunter filed a petition for an injunction against harassment against Barna. Hunter alleged Barna sent her e-mail messages with "hostile, threatening language [] and defamation," physically blocked Hunter's contractors from accessing her property and trespassed on Hunter's property at night and posted signs on the contractors' tractor stating the contractors needed a permit and were being surveilled.

**¶4**        At a March 2022 evidentiary hearing on Hunter's petition, Hunter testified about the e-mails Barna sent, describing them as "alarming." Hunter also testified that Barna blocked Hunter's contractors from accessing her property and that Barna trespassed onto Hunter's property at night to post signs on the contractors' tractor. Barna denied sending one of the e-mails Hunter submitted, testifying her husband sent it. Barna also denied blocking the contractors, trespassing property or posting a sign on the tractor, again testifying her husband was responsible.

**¶5**        At the end of the hearing, the court found Hunter had proven, by a preponderance of the evidence, that Barna "has committed an act of harassment or may commit an act of harassment in the future," based on the e-mail messages and contact with Hunter's contractors. The court issued the injunction against harassment and ordered the parties not to communicate directly, other than "through attorneys, legal process, and court proceedings" as well as through the U.S. Mail regarding the 2021 case or regarding the well, and via e-mail in case of an emergency. The courtroom clerk served Barna with the injunction against harassment.

**¶6**        Barna timely appealed. This court has appellate jurisdiction under Article 6, Section 9, of the Arizona Constitution and Ariz. Rev. Stat. (A.R.S.) §§ 12-120.21(A)(1) and -2101(A)(5)(b)(2023).[1]

## DISCUSSION

**¶7**        Hunter's failure to file an answering brief on appeal may be considered a confession of error. *See In re Marriage of Diezsi*, 201 Ariz. 524, 525 ¶ 2 (App. 2002). Given a preference to resolve cases on their merits, however, this court will address the issues Barna raises. *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App.1984). Although reviewing issues of law de novo, an order granting an injunction is reviewed for an abuse of discretion. *Mahar v. Acuna*, 230 Ariz. 530, 534 ¶ 14 (App. 2012). A court abuses its discretion "'when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision.'" *Id.* (citations omitted).

## I.      The Evidence Supports the Injunction Against Harassment.

**¶8**        Barna argues the evidence was insufficient to support the injunction against harassment. Under A.R.S. § 12-1809, an injunction against harassment may be granted "to prevent a person from committing acts of harassment against another." Ariz. R. Protect. Order P. 4(c). As applicable here, "harassment" is defined as a "series of acts . . . directed at a specific person" that would cause, and does cause, "a reasonable person to be seriously alarmed, annoyed or harassed . . . and serves no legitimate purpose." A.R.S. § 12-1809(T)(1)(a). A "series of acts" requires at least two incidents. *LaFaro v. Cahill,* 203 Ariz. 482, 486 ¶ 14 (App. 2002).

**¶9**        Hunter testified that Barna has a "long-standing pattern" of "harassing communications" via e-mail. In one e-mail, Barna accused Hunter of lying to the court about the 2021 case. In another, Barna accused Hunter of forging bills, which Hunter described as "alarming" and a lie. Hunter testified she had asked Barna to stop sending her e-mails due to their "aggressive" nature, but Barna's second e-mail came after that request. Both e-mails were signed by Barna, who did not deny sending them. A third e-mail was from a different e-mail address and not signed by Barna. Hunter, however, testified that "Barna's been known to use [this e-mail address] for well business." The e-mail called Hunter "stupid and insane," told Hunter

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

to "cease and desist yourself" and asked Hunter to "stop sending e-mails." Barna denied sending this e-mail, stating her husband sent it.

¶10        Apart from these e-mail messages, Hunter testified Barna physically blocked contractors from accessing Hunter's property. When contractors parked their tractor on Hunter's property overnight, Barna trespassed and posted signs on the tractor. The signs stated the contractors needed a permit to work on the well and that Barna had recorded their license plate numbers. Pictures of these signs were submitted into evidence. Hunter testified the contractors did not do any work on the well site. Barna admitted to stopping the contractors to ask what they were doing, but testified she then left them alone without any "physical altercation." Barna denied trespassing, stating the tractor was not on Hunter's property, adding that her husband put the signs on the tractor. Barna also disputed Hunter's testimony about the work done by the contractors.

¶11        On this record, the superior court weighed the credibility of the witnesses, and the conflicting evidence, and granted the injunction against harassment. In doing so, the court cited Barna's e-mails, describing them as "very aggressive and not appropriate and [that they] serve no legitimate purpose" and that Hunter's contractors could perform work on her property without a permit. This court defers to the superior court's weighing of evidence and determinations of witness credibility, *Gutierrez v. Fox*, 242 Ariz. 259, 272 ¶ 49 (App. 2017), and will not reweigh credibility and conflicting evidence on appeal, *Hurd v. Hurd*, 223 Ariz. 48, 52 ¶ 16 (App. 2009). The record supports the court finding at least two acts of harassment and, because Barna has not shown the court abused its discretion, the injunction against harassment is affirmed.

## II.        Barna's Other Arguments Show No Error.

¶12        Barna argues she did not receive proper notice of the hearing. The record, however, shows Barna received notice of the deadline to submit evidence in advance of the hearing and that she actively participated in the hearing. Furthermore, Barna did not object to the notice in the superior court, meaning it is waived on appeal. *See Cont'l Lighting & Contracting, Inc. v. Premier Grading & Utils., LLC*, 227 Ariz. 382, 386 ¶ 12 (App. 2011).

¶13        Barna next argues she submitted lettered exhibits that "were dismantled and assigned numbers by the court on the date of the hearing for reasons unexplained." Consistent with apparent custom and practice, the court used numbers (not letters) for exhibits at the hearing. The court provided Barna with an exhibit worksheet for her to use and explained to

Barna several times how her exhibits were numbered. Barna has shown no error in the court's use of numbers (not letters) for the exhibits.

¶14        Barna also argues the court communicated with Hunter ex parte after she left the courtroom. After issuing the injunction against harassment prohibiting Barna and Hunter from having contact, the court had the parties leave the courtroom separately, with Barna leaving first and Hunter leaving second. The court remained on the record, which shows that, after Barna left, Hunter asked the clerk of court about scheduling for an appeal. The transcript shows the court stated, "and if a hearing date gets set, you'll have to ask for a continuance" and "you might want to have somebody check your mail." The hearing then adjourned.

¶15        The court has the authority to control its courtroom, including taking measures so that Hunter and Barna did not have contact with each other as they were leaving court. *Cf.* Ariz. R. Evid. 611(a). The statements by the court after Barna left were captured on the record, were non-substantive and occurred after the court issued the injunction. *See* Ariz. R. Sup.Ct. 81 E.R. 2.9(A); *In re Est. of Long*, 229 Ariz. 458, 463 ¶ 16 n.14 (App. 2012). On this record, Barna has shown no error.

¶16        Finally, Barna argues the superior court improperly addressed issues in the 2021 case. The record, however, is to the contrary. Several times, the court warned the parties not to discuss the 2021 case. And the injunction against harassment makes clear that the parties can communicate for the purposes of the 2021 case. Again, Barna has shown no error.

## CONCLUSION

¶17        The injunction against harassment is affirmed.

